### McDONNELL v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

1. INSURANCE (§ 156*)—CONTRACTS—CONSTRUCTION.

   The relation of a policy holder in a life policy to the insurance company issuing it is purely contractual, and a contract for life insurance involves the risk which terminates on the death of insured, and the obligation to pay in accordance with the policy then becomes a liquidated debt.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 316; Dec. Dig. § 156.*]

2. INSURANCE (§ 521*) — LIFE INSURANCE — CONTRACTS — CONSTRUCTION — "IN FORCE."

   A life policy on the 15-year distribution plan provided for payment of quarterly premiums in advance, and stipulated that the policy should be credited with its distributive share of the surplus apportioned at the expiration of 15 years, and that only 15-year distribution policies "in force" at the end of such term should share in such distribution. Insured paid all premiums during the 15-year period, and died 11 days before the expiration of the period. Held, that the policy was not entitled to any distributive share of the surplus, for the words "in force" required the full payment of the premiums and that insured should be alive at the termination of the period.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1305; Dec. Dig. § 521.*

   For other definitions, see Words and Phrases, vol. 4, p. 3473.]

Submission of controversy on an agreed statement of facts, pursuant to Code Civ. Proc., §§ 1279–1281, by Ellen McDonnell and the Mutual Life Insurance Company of New York. Judgment for defendant.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Lewis F. Wilson, for plaintiff.
James McKean, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARKE, J. Submission of a controversy upon an agreed statement of facts. On October 23, 1893, Henry McDonnell, husband of the plaintiff, took out a policy of insurance in the defendant company by the terms of. which the defendant agreed to pay to plaintiff the sum of $1,000 upon the death of the insured during the continuance of said policy upon the terms and conditions therein stated. Among other provisions of said policy was the following:

"Dividends. This policy is issued on the 15-year distribution plan. It will be credited with its distributive share of the surplus apportioned at the expiration of 15 years from the date of issue. Only 15-year distribution policies in force at the end of such term, and entitled thereto by year of issue, shall share in such distribution of the surplus; and no other distribution to such policies shall be made at any previous time. All surplus so apportioned may be applied at the end of such period to purchase an annuity, or any then be drawn in cash."

The application for the said policy, provided by the policy to constitute a part of the contract, contained the following provision signed by the insured:

" * * * And I further agree that in any distribution of surplus the principles and methods which may be adopted by the company for such distribution, and its determination of the amount apportioned to such policy, shall be and are hereby ratified and accepted by and for every person who shall have or claim any interest under the contract now proposed."

The policy provided for the payment of $22.34 quarterly premium on the 23d of January, April, July, and October in every year during the continuance of said contract. All of said premiums were duly paid to the defendant, including the quarterly premium due July 23, 1908, which was the quarterly premium in advance for the quarter ending on the 23d day of October, 1908. Henry McDonnell died on the 12th of October, 1908, 11 days before the expiration of said 15-year distribution period. After the death of McDonnell, and before October 23, 1908, the defendant presented a printed notice to the plaintiff as follows:

"The Mutual Life Insurance Company of New York. Dividend (15-year distribution) in 1908. 61–93, October 23. Policy No. 585,718. Dividend payable in cash, $472.70, or additional insurance, if approved by company, $567. The cash dividend will be credited on the anniversary in 1908, if the policy be then in force. To secure the additional insurance in lieu of the cash dividend, the approval of the company must be secured after full examination by the regular medical examiner if the extra insurance exceeds $1,000; otherwise, on a satisfactory certificate of health. E. & O. E."

When it presented the said printed notice the defendant had no knowledge of the death of the insured. After October 23d plaintiff presented satisfactory proofs of the death of the insured, and defendant paid to plaintiff the sum of $1,000, as provided in said policy to be paid upon the death of the insured, but refused to credit to the said policy the cash dividend in the sum of $472.70, or in any other sum on the anniversary, October 23, 1908, and refused to pay said sum, or any part thereof, to the plaintiff. Under the practice adopted and followed in the distribution of the surplus, no distributive share of the surplus is apportioned to any distribution policy, or to the holder thereof, unless the person on whose life the policy is issued is

living at the end of the period stated in the policy. Under such practice, adopted and followed by the defendant, no distributive share of the surplus has been or will be apportioned to any policy belonging to any policy holder holding a 15-year distribution policy issued in the year 1893, unless the person on whose life such policy was issued was living at the end of 15 years from the date of the issuing of the policy on his life. Upon this agreed statement of facts plaintiff demands judgment for $472.70, with interest from the 23d of October, 1908, while defendant demands judgment that the court find that said policy is not entitled thereto.

The determination of the question involved requires the interpretation of the contract, because the relation of a policy holder to an insurance company is purely contractual. The plaintiff invokes an equitable principle for the purpose of sustaining her claim, and that is that, as the insured had paid all the money which was required by the policy to be paid to entitle him to receive at the end of the 15-year period the deferred dividend of $472.70, therefore she is entitled to a recovery, because it had been earned by the payment of all the required premiums. But this contention loses sight of the fact that this is a contract for life insurance, that it involves the risk, that after death there is no risk, and that the contract of life insurance, as such, then and there ceases to be in force. The obligation to pay in accordance with the terms of the contract is in force, but the policy of life insurance is no longer in force. It has been transformed into a liquidated debt by the happening of the contingent event theretofore provided for. The insured and the company made an agreement. If the insured lived 15 years, he was to receive that amount which represented the loading of the premiums upon the policy. If he did not live, the company was to retain it. The amount of that dividend was arrived at, not only by the interest accumulated upon the premiums paid by this insured, but by the extra amount of premiums from lapsed policies of the same class in that distributive period.

The plaintiff's claim, that the full payment of the required premiums was all that was necessary to secure the additional amount claimed, entirely loses sight of the nature of the agreement of life insurance. In this particular instance the premiums were payable quarterly, and there were only 11 days more of the term to run, and under those circumstances it is a hard case. Ordinarily premiums are payable annually in advance, and therefore if on the second day of the year the insured had died, having paid that annual premium, if the plaintiff's contention is sound, the beneficiary would be entitled to the sum agreed to be paid at the end of the 15-year period. The 15-year period would thereby be transformed into a 14-year period. The rules, methods, and practices under which the deferred dividends have heretofore been calculated and distributed to other policy holders would be upset, although the insured had agreed to abide by the practices, methods, and procedure adopted by the company.

Furthermore, it is possible that a policy holder will commute, by the payment of a lump sum, future premiums on these tontine or semitontine policies, and in such case the beneficiary might withhold

proof of death until the expiration of the period, and·then claim the full amount of the·deferred dividends, where during all that period there had been no risk, and therefore the contract had ceased to be a policy of life insurance. I think it quite impossible, reading this contract in its entirety, and keeping clearly in mind that it is a policy of life insurance, to hold that it is in force as such policy after the death of the insured. The words "in force," used in the policy, can mean no other thing than this: That the required premiums shall have been fully paid and that the insured shall be still alive.

The judgment should be for the defendant, with costs. All concur.