### JEFFERSON STANDARD LIFE INS. CO. v. McINTYRE et al.

(District Court, S. D. Florida. December 21, 1922.)

No. 234.

1. **Executors and administrators ⟨⟩439.—Administrator of insured not proper party to suit for cancellation of policy.**

   Under the law of Florida, by which the proceeds of a policy of life insurance payable to the estate of insured inure solely to the benefit of his widow and children, his administrator is not a proper party to a suit by the insurer for cancellation of the policy.

2. **Insurance ⟨⟩400—Life policy not "in force" after death of insured.**

   A life policy is not "in force" after the death of insured, and a provision that after the policy has been in force for one year it shall be incontestable, except for nonpayment of premiums, ceases to be effective to exclude defenses on the death of insured within the year.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, In Force.]

In Equity. Suit by the Jefferson Standard Life Insurance Company against Fannie Townsend McIntyre and others. On motions by defendants to dismiss bill. Granted.

Giles J. Patterson, of Jacksonville, Fla., for complainant.

Charles E. Davis, of Madison, Fla., for defendants.

CALL, District Judge. July 24, 1922, a bill was filed by complainants against the defendants, Fannie Townsend McIntyre, widow, and R. E. McIntyre and Ruth McIntyre, children of Robert Stewart McIntyre, deceased, seeking a cancellation of two certain policies issued by it on the life of said Robert, July 26, 1921, because of certain false statements as to health, etc., in the medical examination of said Robert preparatory to the issuance of said policies.

The bill of complaint was in October, 1922, amended by making the administrator, appointed subsequent to the filing of the bill, a party defendant. The policies were payable to "the estate" of said Robert.

Robert Stewart McIntyre died on June 25, 1922, in Madison county, Fla. The parties first made defendants filed their motion to dismiss, and subsequent to making the administrator a party he also filed his motion to dismiss.

[1] The main contention, as I view the motion of the administrator, is that, the decedent having died in Florida, the proceeds of the policies inure to the exclusive benefit of the widow and children, and that he has no interest in such proceeds, and consequently no interest in the litigation, and is therefore an improper party. The case of Pace v.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Pace, 19 Fla. 438, determines this question in favor of this contention, and the motion to dismiss as to the administrator will be granted.

[2] The policies contain this clause:

"After this policy shall have been in force for one full year from the date hereof it shall be incontestible for any cause except for nonpayment of premiums."

The assured died less than one year from the date of the policies. The bill alleges that the complainants will delay bringing suits on said policies until the year has elapsed and thus preclude it from making defense on the grounds set up as a basis for cancellation.

If the right of the defendant to contest liability on said policies would be precluded by the expiration of the year, then said allegation above noted would be an equity sufficient to vest the court of equity with jurisdiction, because the remedy at law would not be plain, adequate, and complete. Section 267, Judicial Code (Comp. St. § 1244). Therefore the question to be decided on the motion of the widow and children is: Is it necessary for the insurance company to commence an action in the courts before the expiration of one year in order to avail itself of the defense here sought to be made in the bill? Are the policies "in force," as contemplated in the clause, after the death of the assured occurring prior to one year from the date of the policy? It seems to me that the proper construction of this clause is that it contemplates the continuance in life of the assured during that year; else why except the nonpayment of premiums?

But, aside from this view, there is nothing in the clause which confines the contest of liability to judicial proceedings. This contest could be effectually inaugurated by a denial of liability in any form. To say that the beneficiaries under the policies could delay bringing suits until the expiration of the year, and thus preclude the assurer from setting up a defense, is a forced construction of the clause. The contract between the assurer and the assured, in a measure at least, is terminated by the death of the assured, and the contract is then between the assurer and the beneficiaries under the policy, and to allow these beneficiaries to delay bringing suit until after the year had expired would be allowing them to take advantage of their own acts to the detriment of another; and yet the construction sought to be placed upon this clause in the bill would inevitably lead to this result.

I am of opinion that the facts alleged in the bill can be urged with equal force as a defense to an action by the beneficiaries to collect the amount of the policies, even though the suit was commenced more than one year after the date of the policies.

The motion to strike will therefore be granted.