### JEFFERSON STANDARD LIFE INS. CO. v. McINTYRE et al.

(Circuit Court of Appeals, Fifth Circuit. December 18, 1923.)

No. 4067.

1. Insurance ⬅➡400—Insurer's repudiation of liability held not "contest," under policy provision.

A mere denial or repudiation by insurer of its liability under the policy, accompanied by a tender of the premium paid, is not a contest, within a policy provision that, except for nonpayment of premium, the policy shall be incontestable after it has been in force for one year.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contest.]

2. Insurance ⬅➡400—Policy held incontestable after year, though insured died during that time.

A life policy does not cease to be in force on insured's death, and a provision that after the policy has been in force for one year it shall be incontestable, except for nonpayment of premium, makes the policy incontestable on any ground other than the excepted one after the year, though insured died within that time.

3. Insurance ⬅➡249—Suit to cancel policy within period during which it was contestable held maintainable.

Where a life policy provided that it would be incontestable after one year, except for nonpayment of premiums, held, that a suit to cancel the policy, brought after insured's death, but within the year, because of his false statements in the application, was maintainable, since insurer did not have any adequate remedy at law.

4. Executors and administrators ⬅➡439—Insured's administrator held proper party to suit for cancellation of policy.

Though under the law of Florida, the proceeds of insured's life policy inured to the exclusive benefit of his widow and children, his administrator was a proper party to a suit by insurer to cancel the policy, as he, as representative of insured, was entitled to receive the tendered amount of premium paid, with interest thereon.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit in equity by the Jefferson Standard Life Insurance Company against Fannie Townsend McIntyre and others. From a decree of the District Court (285 Fed. 570), granting defendants' motion to dismiss the bill, plaintiff appeals. Reversed.

Giles J. Patterson, of Jacksonville, Fla. (Brooks, Hines & Smith, of Greensboro, N. C., on the brief), for appellant.

Chas. E. Davis, of Madison, Fla., for appellees.

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. On July 26, 1921, the appellant issued to Robert Stewart McIntyre two policies of insurance on the latter's life, each of which named the insured's estate as the beneficiary and contained the following clause:

"After this policy shall have been in force for one full year from the date hereof, it shall be incontestable for any cause, except for nonpayment of premium."

The insured died on June 25, 1922. On July 24, 1922, the appellant filed its bill, seeking the cancellation of the policies because of alleged false statements as to health, etc., made by the insured in his applications for the policies, and in his answers to questions propounded to him by appellant's medical examiner in the medical examinations, which preceded the issuance of the policies. The bill alleged that the falsity of such statements was discovered by the appellant for the first time after the death of the insured. To the suit as originally brought the widow and the two surviving children of the insured were made parties defendant.

The bill alleged that after the death of the insured and prior to the filing of the bill the appellant tendered to those defendants the amount of premium paid by the insured, with interest thereon, and demanded return of the policies, and that those defendants "are threatening and preparing to institute an action on said policies of insurance after July 26, 1922," and the bill renewed the alleged tender. In October, 1922, the bill was amended by alleging the appointment, since the institution of the suit, of an administrator of the estate of the insured, and by making such administrator a party defendant. Motions to dismiss the bill were filed by the original defendants and by the administrator. Those motions were granted. The opinion rendered by the District Judge (Jefferson Standard Life Ins. Co. v. McIntyre, 285 Fed. 570) shows that the dismissal of the bill as to the administrator was on the ground that he had no interest in the proceeds of the policies, and consequently no interest in the litigation, and therefore is an improper party, and that the granting of the motion to dismiss, made by the original defendants, was on the ground that appellant could have inaugurated a contest of the policies by a denial of liability in any form, without invoking judicial action within the time allowed by the above-quoted provision.

[1, 2] A mere denial or repudiation by an insurer of its liability under a policy, accompanied by a tender of the premium paid, is not a contest within the meaning of such a provision as the one above set out. Northwestern Mutual Life Ins. Co. v. Pickering, 293 Fed. 496, in the United States Circuit Court of Appeals, Fifth Circuit, present term. The provision in a life insurance policy that "this policy shall be incontestable, except for nonpayment of premiums, provided two years shall have elapsed from its date of issue," has the effect of making the policy incontestable, on a ground other than the excepted one, by the insurer after two years from its date of issue, though the in-

sured died within that time. Mutual Life Ins. Co. of N. Y. v. Hurni Packing Co. (November 12, 1923) 44 Sup. Ct. 90, 68 L. Ed. ——. We think that the reasons stated in support of the conclusion reached in the last-cited case are applicable to the provision now in question. The contested policies did not cease to be in force upon the death of the insured. The contracts remained in force, upon the death of the insured immediately inuring to the benefit of the beneficiaries.

[3] Nothing in the language of the provision in question indicates the existence of an intention to make the effectiveness of it dependent upon the insured remaining alive for one full year from the date of the policies. The conclusion is that that provision was effective at the time this suit was brought, and that the policies, which under the Florida law inured to the exclusive benefit of the original defendants, would have become incontestable on the grounds relied on upon the expiration of one full year from the date thereof without a contest being instituted.

[4] Under the circumstances existing at the time the suit was brought the appellant had no plain, adequate, and complete remedy at law for the enforcement of the rights asserted by the bill. It follows that the bill in equity was maintainable. The administrator was a proper party, as he, as the representative of the deceased insured, was entitled to receive the tendered amount of premium paid, with interest thereon.

The court erred in sustaining the motions to dismiss the bill. The decree is reversed.