GERTRUDE MALANTI, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE
COMPANY, Defendant.

, Supreme Court, Queens County, July 1, 1926.

Insurance — life insurance — action on policy of life insurance written
by defendant on life of plaintiff's husband — Insurance Law, § 101
(as amd. by Laws of 1921, chap. 407) requires that all life insurance
policies shall contain standard incontestability clause — defendant's
policy omitted words " during lifetime of the assured "— defendant
may not interpose defense of fraud as to physical condition of assured
in action begun more than two years after policy had been in force —
period of incontestability began to run on date policy was issued —
words " in force " as used in said policy and in statute mean that every
contract or instrument is in force between parties until abrogated or
rescinded — insurance company might have disclaimed policy within
two-year period.

In an action upon a life insurance policy written by the defendant upon the life
of plaintiff's husband which contained a clause " that the policy shall be
incontestable after it has been in force for a period of two years from its date
of issue," but omitted the words " during the lifetime of the assured," which
are required by section 101 of the Insurance Law (as amd. by Laws of 1921,
chap. 407), a defense of fraud on the part of the insured in the policy application
that he had concealed his true physical condition cannot be interposed by the
defendant where the action is commenced at a time when said policy had
been in force for more than two years; the period of incontestability, hav-
ing begun upon the issuance of the policy, had passed when the action was
commenced.

The words " in force," as used in said policy and in the statute, are used in the
ordinary sense that every contract or instrument is in force between the parties
until abrogated either voluntarily or in some judicial proceedings and do not
refer to the life or death of the insured.

The insurance company was not without its remedy for the reason that it might
have disclaimed the policy within the two-year period or brought an action in
equity, within that time, to annul the policy on the ground of fraud.

MOTION by plaintiff for summary judgment for the relief
demanded in the complaint, pursuant to the provisions of rules
113 and 114 of the Rules of Civil Practice and section 476 of the
Civil Practice Act.

*Hector McG. Curren,* for the plaintiff.

*Henry C. Frey* and *Michael Hertzoff* [*James C. Van Siclen* of
counsel], for the defendant.

HAGARTY, J.   The action is brought by the beneficiary under a
policy of insurance written by the defendant upon the life of plain-
tiff's husband.   The answer sets up fraud on the part of the insured

in the application for the policy in concealing his physical condition. Plaintiff contends that this defense fails because of the fact that it is interposed after the expiration of two years specified in the " incontestability clause " of the policy. The policy was issued on the 4th day of March, 1924, the insured died on the 24th day of August, 1925, and the action was started on the 12th day of April, 1926. The sufficiency of the defense is to be determined by the construction of the incontestability clause contained in the policy.

Section 101 of the Insurance Law (added by Laws of 1909, chap. 301, as amd. by Laws of 1921, chap. 407)* provides that a life insurance policy shall not be issued or delivered unless it contains certain " standard provisions," among which is a provision " that the policy shall be incontestable *after it has been in force during the lifetime of the insured for a period* of two years from its date of issue except for nonpayment of premiums  *  *  *.*"

The 1921 amendment added the words written in italics in the foregoing quotation from the law. In the clause in the present policy the words " during the lifetime of the insured " are omitted. The question for determination is whether or not the omission of these words in the policy changes what would otherwise be the plain meaning of the clause. By the provision for standard clauses in life insurance policies the Legislature intended to safeguard the rights of the insured as well as to protect the insuring company. The policy here involved was the contract between the parties, and the defendant company saw fit to depart from the form prescribed by the Legislature. If the construction that I place upon the clause in the contract be correct, it inures to the benefit of the insured, and necessarily was an inducement to the insured to make the contract. If there be any ambiguity, that construction is to be adopted which is most favorable to the insured (*Mutual L. I. Co.* v. *Hurni Packing Co.*, 263 U. S. 167; S. C., with note, 31 A. L. R. 102–118), though that would not be so if the form prescribed by statute had been followed. (*Ramsey* v. *Old Colony L. I. Co.*, 297 Ill. 592; *Mick* v. *Corp. of Royal Exchange*, 87 N. J. L. 628; *Nelson* v. *Traders' Ins. Co.*, 181 N. Y. 472.)

The words " in force," both in the standard provision and in the present policy, are used in the ordinary sense that every contract or instrument is in force between the parties until abrogated or rescinded either voluntarily or in some judicial proceeding. I have not overlooked the reasoning of *McDonnell* v. *Mutual L. I. Co.* (131 App. Div. 643) and *McCormack* v. *Security Mutual L. I. Co.*

* Since amended by Laws of 1922, chap. 275; Laws of 1923, chap. 28.— [REP.

(161 id. 33), the latter of which was reversed on the dissenting opinion (220 N. Y. 447); but, in my opinion, the words as used here do not refer to the life or death of the insured. If we assume that they do so refer, that is, that the policy ceases to exist as a policy and is no longer in force upon the death of the insured, then the words " during the lifetime of the insured " add nothing to the words " in force " which preceded them. If the policy ceases to be in force upon the insured's death before the expiration of two years, then it cannot be in force for two years either during the lifetime of the insured or otherwise, and the words add nothing to the effect of the preceding words. If, however, the view that I adopt, that is, that the policy remains in force after the death of the insured, then the words " during the lifetime of the insured " accomplish a definite result. If the provision of the standard policy be assumed without these words, then, if the policy is in force after the death of the insured, it follows that the company could contest it only from the period of such death until the expiration of the two-year period; but when the words referred to are added, then whenever the insured dies within two years, the policy becomes contestable at any time in the future. The period of contestability is no longer limited to two years, while the effect of their omission is to make the policy contestable only during the period of two years. Since the defense of fraud is here raised in an action begun after two years, a contest has been raised after the policy had been in force more than two years, which cannot be done. The defendant company was not otherwise without a remedy, for the reason that it might have disclaimed the policy within the two-year period (*Mutual L. I. Co.* v. *Rose*, 294 Fed. 122; *Feierman* v. *Eureka L. I. Co.*, 279 Penn. St. 507) or brought an action in equity within that time to annul on the ground of fraud. (*Mutual L. I. Co.* v. *Hurni Packing Co., supra; Jefferson Standard L. I. Co.* v. *McIntyre*, 294 Fed. 886; *Travelers Ins. Co.* v. *Snydecker*, 127 Misc. 66; *Equitable L. A. Society* v. *Fillat*, Id. 68. But see *contra, Markowitz* v. *Metropolitan L. I. Co.*, 122 Misc. 675; *Indianapolis L. I. Co.* v. *Aaron*, 158 Minn. 359; 197 N. W. 757.) Motion for summary judgment is granted.