Nicholas McKenna, as Ancillary Executor, etc., of Gertrude Malnati, Deceased, Respondent, *v.* Metropolitan Life Insurance Company, Appellant.

Second Department, March 11, 1927.

Insurance — life insurance — policy contained clause " shall be incontestable after it has been in force for a period of two years from its date of issue, except for nonpayment of premiums   *   *   *  " (Insurance Law, § 101, subd. 2) — defense of fraud and misrepresentation by insured — insured died less than two years after policy was issued — answer was not interposed until after two years from date of issuance of policy — policy was " in force " only from time of issuance to date of death of insured — defendant has right to contest policy for fraud and misrepresentation — error to grant plaintiff summary judgment on ground that policy had been in force more than two years.

A clause in a life insurance policy which provides that the policy " shall be incontestable after it has been in force for a period of two years from its date of issue, except for nonpayment of premiums   *   *   * " (Insurance Law § 101, subd, 2), may be construed as meaning that the policy shall be incontestable after it has been in force for two years from its date of issuance only where the insured continues to live for that length of time, and if he dies prior to the expiration of two years the policy may be contested on the ground of fraud and misrepresentation on the part of the insured.

Accordingly, in this case it was error for the court· to grant summary judgment to the plaintiff in an action on a life insurance policy in which the defendant interposed the defense of fraud and misrepresentation, since it appears that the insured died less than two years after the policy was issued, although the answer was not verified until more than two years had elapsed. The defendant's answer states an arguable defense.

Lazansky, J., dissents, with memorandum.

Appeal by the defendant, Metropolitan Life Insurance Company, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Queens on the 2d day of July, 1926, granting the plaintiff summary judgment under rules 113 and 114 of the Rules of Civil Practice and section 476 of the Civil Practice Act, upon the ground that the

amended answer is sham, and also from a judgment entered in said clerk's office on the same day, in pursuance of said order.

The opinion of the Special Term is reported *sub nom. Malnati* v. *Metropolitan Life Insurance Co.* (127 Misc. 674).

*James C. Van Siclen* [*Henry C. Frey* and *Michael Hertzoff* with him on the brief], for the appellant.

*Hector McG. Curren* [*Fred Iscol* with him on the brief], for the respondent.

Manning, J. Prior to the enactment of chapter 407 of the Laws of 1921 (amdg. Insurance Law, § 101, subd. 2, added by Laws of 1909, chap. 301, as re-enacted by Laws of 1911, chap. 369), life insurance companies were required to incorporate in their policies a provision that " the policy shall be incontestable after two years from its date of issue * * *." By the 1921 amendment it was required that thereafter there should be a " provision that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue." (See, also, Laws of 1922, chap. 275, and Laws of 1923, chap. 28, re-enacting and amdg. said Insurance Law, § 101, subd. 2.)

On March 4, 1924, the Metropolitan Life Insurance Company issued to Louis Malnati a policy of insurance, in the sum of $5,000, for the benefit of Gertrude, his wife. For reasons best known to its officials, the company used neither of these clauses, but used, instead, a clause containing parts of both, to wit, that the policy " shall be incontestable after it has been in force for a period of two years from its date of issue, except for nonpayment of premiums * * *."

The insured died on August 24, 1925; so at the date of his death the policy had been in existence for a period of less than a year and a half. The company, on demand, refused to honor the policy and on or about the 12th day of April, 1926, the widow began an action to recover the amount of its face value, although the summons was dated February 11, 1926, and the complaint was verified February 13, 1926. The company, by an answer verified on April 27, 1926, and by an amended answer verified on May 17, 1926, set up the defense of fraud and misrepresentation, the assignment being that in his application the insured willfully made false statements concerning his previous condition of health. In the belief that, notwithstanding the death of the insured, the policy had been in force for two years and was incontestable, the widow moved for summary judgment under rules 113 and 114 of the Rules of Civil Practice, and section 476 of the Civil Practice Act;

upon the ground that, in the circumstances, the answer and the amended answer were a sham.

The motion for summary judgment was granted at Special Term by an order entered on July 2, 1926. Upon that order a judgment was entered in favor of the widow. From that order and from the judgment the insurance company appeals.

Since the taking of the appeal the widow has died, and one Nicholas McKenna, " as ancillary executor," has been substituted.

The first question for determination is the meaning of the words " in force " as they appear in the incontestable clause of the policy.

The question was discussed in *McDonnell* v. *Mutual Life Ins. Co.* (131 App. Div. 643). In that case a policy was issued in the sum of $1,000, payable to the widow upon the insured's death. There was a clause which provided that the policy would be credited with its distributive surplus apportioned at the expiration of fifteen years from the date of issue, but that only policies " in force " at that time would be entitled to a distributive share. The insured died eleven days before the expiration of the fifteen-year distributive period. The insurance company, without knowledge of his death, presented to the beneficiary a notice which stated that the distributive share was $472.70, if taken in cash, and $567 if taken in the form of additional insurance. The notice also contained the statement that to obtain such additional insurance it would be necessary for the insured to present satisfactory proof of health. Thereafter the widow presented proof of death and received the sum of $1,000. The company, however, refused to pay the distributive share. The matter came before the Appellate Division of the First Department upon an agreed statement of facts, and that court, construing the clause in question, and particularly the words " in force," said: " The obligation to pay in accordance with the terms of the contract is in force, but the policy of life insurance is no longer in force. It has been transformed into a liquidated debt by the happening of the contingent event theretofore provided for.   *   *   *   The words ' in force ' used in the policy can mean no other thing than this, that the required premiums shall have been fully paid and that the insured shall be still alive."

In *Jefferson Standard Life Ins. Co.* v. *McIntyre* (285 Fed. 570) the clause was: " After this policy shall have been in force for one full year from the date hereof it shall be incontestable for any cause except for nonpayment of premiums." As to this the court said: " Are the policies ' in force,' as contemplated in the clause, after the death of the assured occurring prior to one year from the date of the policy? It seems to me that the proper construction of this clause is that it contemplates the continuance in

life of the assured during that year; else why except the nonpayment of premiums? " So in that case, as in the *McDonnell* case, the determination turned on the meaning of the words " in force," and in both cases the court's opinion was that the words contemplate that the insured shall be alive.

The *McIntyre* case was taken to the Circuit Court of Appeals (294 Fed. 886), where it was reversed upon authority of *Mutual Life Ins. Co.* v. *Hurni Packing Co.* (263 U. S. 167), the court saying: " The provision in a life insurance policy that ' this policy shall be incontestable, except for nonpayment of premiums, provided two years shall have elapsed from its date of issue,' has the effect of making the policy incontestable, on a ground other than the excepted one, by the insurer after two years from its date of issue, though the insured died within that time. *Mutual Life Ins. Co. of N. Y.* v. *Hurni Packing Co.* (November 12, 1923) 44 Sup. Ct. 90, 68 L. Ed. 235. We think that the reasons stated in support of the conclusion reached in the last-cited case are applicable to the provision now in question. The contested policies did not cease to be in force upon the death of the insured. The contracts remained in force, upon the death of the insured immediately inuring to the benefit of the beneficiaries.

" [3] Nothing in the language of the provision in question indicates the existence of an intention to make the effectiveness of it dependent upon the insured remaining alive for one full year from the date of the policies. The conclusion is that that provision was effective at the time this suit was brought, and that the policies, which under the Florida law inured to the exclusive benefit of the original defendants, would have become incontestable on the grounds relied on upon the expiration of one full year from the date thereof without a contest being instituted."

But the clause in *Mutual Life Ins. Co.* v. *Hurni Packing Co.*, as the opinion there states, was different from the clause in the *McIntyre* case — a fact that the appellate court in the *McIntyre* case either overlooked or ignored. In *Mutual Life Ins. Co.* v. *Hurni Packing Co.* the clause provided, unqualifiedly, that the policy should be incontestable providing " two years shall have elapsed from its date of issue." Nothing was said about the policy being " in force." With that clause in mind, the court said (p. 177): " In order to give the clause the meaning which the petitioner ascribes to it, it would be necessary to supply words which it does not at present contain. The provision plainly is that the policy shall be incontestable upon the simple condition that two years shall have elapsed from its date of issue; — not that it shall be incontestable after two years if the insured shall

live, but incontestable without qualification and in any event." The court then proceeded to discuss *Jefferson Standard Life Ins. Co.* v. *McIntyre* (*supra*) and another case, saying (p. 178): " But the incontestability clause under review in those cases was unlike the one here. There the clause was: ' After this policy shall have been in force for one full year from the date hereof it shall be incontestable,' etc. The decisions seem to have turned upon the use of the words ' in force,' the District Judge in the first case saying: ' Are the policies " in force," as contemplated in the clause, after the death of the assured occurring prior to one year from the date of the policy? It seems to me that the proper construction of this clause is that it contemplates the continuance in life of the assured during that year; else why except the non-payment of premiums? ' This amounts to little more than a *quære*, since the question was then dismissed and the case decided upon another ground."

After thus declaring that the question presented in the *McIntyre* case was not in the *Hurni* case, the court went on to say that they expressed neither " agreement nor disagreement " with the construction put by the *McIntyre* decision upon the provision therein considered, but said that, dealing alone with the provision in the case before them, they were constrained to hold " that it admits of no other interpretation than that the policy became incontestable upon the sole condition that two years had elapsed." So, as I have said, although the court in the *Hurni* case pointed out the distinction between the clause in that case and the clause in *Jefferson Standard Life Ins. Co.* v. *McIntyre* and disclaimed any attempt to pass upon the latter, the Circuit Court of Appeals reversed the District Court in *Jefferson Standard Life Ins. Co.* v. *McIntyre* upon authority of the *Hurni* case.

In April, 1917, the Court of Appeals, Judge CARDOZO writing, decided the case of *McCormack* v. *Security Mut. Life Ins. Co.* (220 N. Y. 447). The policy contained a provision that it should be incontestable " after it shall have been in force one full year." The plaintiff contended that the provision made the policy incontestable. The policy had lapsed and was reinstated. The court held that the reinstated policy must be viewed as a new contract and that the " one full year " must run from the date of reinstatement. The insured died within a year from that date, and because of that fact the court decided that the plaintiff's argument would not hold. This was in substance, if not in express terms, a holding that the policy was not " in force " after the death of the insured. On this point the headnote reads: " 4. The provision in the policy that ' after it shall have been in force one full year, provided

any and all payments required from the insured shall be made on or before the date on which they become due, this policy shall be incontestable,' is not applicable, since it had not been in force a full year after its reinstatement, at the time of the death of the insured."

*Markowitz* v. *Metropolitan Life Ins. Co.* (122 Misc. 675) was decided by the Appellate Term, First Department, in March, 1924. In that case the policy contained a clause that, except for non-payment of premiums, it should be " incontestable after two years from the date of its issue." That clause, it will be observed, differed from the clause in the instant case, just as the clause in the *Hurni* case differed. Upon the trial there was judgment for the plaintiff upon the ground that by the incontestability clause the policy was conclusive against the company after two years from the date of its issue even though the insured had previously died. That judgment was in line with the holding in the *Hurni* case, where the clause was identical. The Appellate Term, however, stating that the question " seems never to have been squarely decided by the New York courts," held that the " great weight of authority " was against the plaintiff's contention and that the policy ceased to be in force upon the death of the insured. Among the authorities cited were *Jefferson Standard Life Ins. Co.* v. *McIntyre (supra)* and *McCormack* v. *Security Mut. Life Ins. Co. (supra).*

Later, the Special Term, First District, decided *Travelers Insurance Co.* v. *Snydecker* (127 Misc. 66). In that case the insurance company, after the death of the insured, brought an action in equity to rescind the policy upon the ground of fraud, and the defendant moved to dismiss for failure to state a cause of action. The motion was denied, the court stating: " The policy here in suit contains the statutory incontestability clause. The position of the plaintiff is that unless it begins a suit to contest the policy within the time limited therein, it will lose its right to contest the validity of the policy. The contest contemplated by the incontestability clause is a suit. (37 C. J. 540, and cases there cited under notes 56 and 57.) The insurance company is, therefore, compelled to sue within the statutory period. This situation is not changed by the circumstance that the assured has died.

" I have not overlooked the opinion in *Markowitz* v. *Metropolitan Life Ins. Co.* (122 Misc. 675). That opinion was written before the decision of the United States Supreme Court in *Mutual Life Ins. Co.* v. *Hurni Packing Co.* (263 U. S. 167), which holds squarely that the incontestability clause continues in effect after the death of the assured for the benefit of the beneficiary. The special

circumstance which gives the ground of equitable relief here is, therefore, that unless the plaintiff moves in equity the defendant may delay suing at law on the policy until after the incontestability period has expired and thus defeat the plaintiff's right to seek rescission."

If, as the opinion in that case states, the policy in the *Snydecker* case contained the standard statutory clause, it differed entirely from the claim in the *Hurni* case, upon which reliance was had. If the clause in the Snydecker policy was, simply, that the policy should be incontestable after two years, it was in line with the *Hurni* case but different from the clause in the case at bar.

The cases I have discussed show the uncertainty and the resulting conflict in connection with the question involved. That the policy is not " in force " after the death of the insured was held in the First Department case of *McDonnell* v. *Mutual Life Ins. Co.* (*supra*); in the first *McIntyre* case, which was reversed upon authority of the *Hurni* case, although in the *Hurni* case the clause was different; in the *McCormack* case; and in *Markowitz* v. *Metropolitan Life Ins. Co.* The cases apparently to the contrary are the second *McIntyre* case, decided upon the alleged authority of the *Hurni* case; the *Hurni* case itself, and the *Snydecker* case.

Thus, in the majority of the cases where the policy was not to be incontestable until it had been " in force " two years, it was held that the policy was not in force after the death of the insured. The only apparent exception is the second *McIntyre* case.

Before the enactment of the amendment of 1921 the language of the standard incontestable clause was ambiguous. Had the company used the language prescribed by the amendment the ambiguity would have been overcome and it would have been plain that before a policy could become incontestable it must have been in force for two years and the insured must have been alive during all of the two years. The company, however, chose to continue the ambiguity by ignoring the mandate of the amendment. The language of the clause being of the company's own selection, the doubt arising should ordinarily be resolved against it. (*Mutual Life Ins. Co.* v. *Hurni Packing Co., supra.*) But in view of the *McCormack* and other New York cases where the incontestable clause paralleled the clause in the instant case, I fail to see how we can say as matter of law that under the clause in question the policy outlived the death of the insured; and we cannot sustain the summary judgment unless we so hold. I think the defendant insurance company has shown that it has an " arguable defense."

The order granting the motion for summary judgment, and the judgment entered thereon, should be reversed upon the law and

the facts, without costs, and motion for summary judgment denied, without costs.

KELLY, P. J., YOUNG and KAPPER, JJ., concur; LAZANSKY, J., dissents and reads for affirmance.

LAZANSKY, J. (dissenting).  There is doubt as to whether the words " in force for a period of two years from its date of issue " in the provision with reference to incontestability, mean in force only during the lifetime of the assured, or during that time and thereafter, for a period of two years.

The policy was the handiwork of defendant.  The clause is drawn in violation of the provisions of subdivision 2 of section 101 of the Insurance Law (added by Laws of 1909, chap. 301), as amended by chapter 407 of the Laws of 1921, the language of which, if followed, would have avoided any question.  (See, also, Laws of 1922, chap. 275, and Laws of 1923, chap. 28, re-enacting and amdg. said Insurance Law, § 101, subd. 2.)  The doubt thus created by the defendant should be resolved against it.

Order granting summary judgment, and judgment entered thereon, reversed upon the law and the facts, without costs, and motion for summary judgment denied, without costs.*