## JENSEN v. UNITED STATES.

District Court, D. Oregon.    January 2, 1929.

B. A. Green, of Portland, Or., for plaintiff.

Forrest E. Littlefield, Asst. U. S. Atty., of Portland, Or.

BEAN, District Judge. This is an action on a war risk insurance policy. The complaint alleges: That during the year 1917, the plaintiff served in the military forces of the United States, and on November 17th of that year applied for and there was issued to him a war risk insurance policy against his death or permanent total disability in the sum of $10,000. That the premiums on such policy were paid until and including the month of May, 1919. That on June 2, 1927, he made application for reinstatement of his policy and made payment of the back premiums and interest thereon as required. That a policy was issued to him effective July 1, 1927. That at the time of the reinstatement plaintiff was rated by the Veterans' Bureau for a service connected disability less than permanent and total. That after the reinstatement, the disease from which he was suffering so progressed that on December 7, 1927, he became totally and permanently disabled and has since so continued. That after the reinstatement of the policy, plaintiff paid the monthly premiums thereon until January, 1928, when he was advised by the Department that further payments were unnecessary.

The defendant for answer alleges: That at the time the policy was reinstated the plaintiff was rated by the Veterans' Bureau as less than permanently and totally disabled, but the evidence then in its possession was not sufficient to satisfy the Director that the plaintiff was not in fact totally and permanently disabled. That on December 8, 1927, he was re-examined and rated permanently and totally disabled as of December 7, 1927. That subsequently and on May 5, 1928, as result of such examination it was finally determined by the Director of the Bureau that the plaintiff was permanently and totally disabled from the 19th day of August, 1926. That by reason of these facts plaintiff was totally and permanently disabled at the time of his application for reinstatement of the policy, and therefore not entitled to reinstatement.

The plaintiff demurs to the separate answer on the ground that it does not state facts sufficient to constitute a defense. World War Veterans Act of 1924 (43 Stat. 627, section 518, 38 USCA), provides that "Policies of insurance heretofore or hereafter issued shall be incontestable after the insurance has been in force six months from the date of issuance or reinstatement, except for fraud or nonpayment of premiums."

The position of the government is that the permanent and total disability of the plaintiff within the six months' period matured the policy and it was not thereafter "in force," and therefore the incontestable provisions of the law had no application, and such seems to be the ruling of the Comptroller General in Philip McNish (7 Decisions Comptroller 551). But I am unable to distinguish this case from Mutual Life Ins. Co. v. Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102, and Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A.) 294 F. 886, holding that the death of an insured does not stop the running of the incontestable provision of a life policy, for the reason that it does not terminate the contract of insurance, which upon the death of the insured immediately inures to the benefit of the beneficiary.

So here the fact that the insured became totally and permanently disabled within the six months' period did not terminate the insurance. The insurance was payable in 240 equal monthly payments. Section 512, 38 USCA. The permanent and total disability of the insured merely fixes the date when the monthly payments should commence. The contract itself continues in force until the plaintiff has received the full benefit thereof unless his disability ceases in the meantime. If the government should refuse at any time to make such payments and the plaintiff elects to bring action to recover the same, he would necessarily be compelled to rely on the contract of insurance as a basis for his action.

It is suggested that since war risk insurance differs from commercial life insurance, in that it is an insurance against both death and total disability, and may be reinstated at a time when the insured is suffering from service connected temporary total disability, the rule applicable to commercial insurance is not controlling, in the constructions of section 307 of the World Veterans' Act. But war risk insurance is not a gratuity but a contract between the insured and the government, and the rights of the parties are to be ascertained from the terms of their contract. St. Bank & Trust Co. v. U. S. (C. C. A.) 16 F.(2d) 439. The provisions of section 307, are, I take it, to be construed and determined by the applicable rules to similar provisions in any other contract of insurance.

It follows therefore that the demurrer should be sustained, and it is so ordered.