JACOB KOCAK and Another, Plaintiffs, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Broome County, July 14, 1932.

*Chernin & Gold* [*A. E. Gold* of counsel], for the plaintiffs.

*Jenkins, Deyo & Hitchcock* [*Israel T. Deyo* of counsel], for the defendant.

McNAUGHT, J. The insured having died within less than two years after the issuance of the policy in question and this action being brought after the expiration of more than two years from the date of issue, the sole question for determination is whether under the language of the incontestability clause contained in the policy issued by defendant it may now seek to avoid payment of the policy by a defense alleging fraud or misrepresentation in the application made by the insured.

If the policy is now incontestable it cannot be avoided by the defense set forth in the answer and the motion of plaintiff should be granted. If, under the language of the incontestability clause, the defendant may avoid the policy because the death of the insured occurred within less than two years after its issuance, the motion should be denied.

Section 101 of the Insurance Law (as amd. by Laws of 1923, chap. 28) prescribes certain standard provisions which must be contained in a life insurance policy, and provides that no policy shall be issued or delivered unless it contains in substance the standard provisions prescribed by such section, nor unless a copy of the form has been filed with the Superintendent of Insurance and formally approved by him. Prior to 1921 it was provided by subdivision 2 of section 101 (added by Laws of 1909, chap. 301, as amd. by Laws of 1911, chap. 369) that such policy should contain " A provision that the policy shall be incontestable after two years from its date of issue except for non-payment of premiums. * * *." By chapter 407 of the Laws of 1921, subdivision 2 was amended so as to read as follows: " 2. A provision that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue except for non-payment of premiums * * *."

It is so well established as to scarcely require the citation of

authority, that where the language of an insurance contract is so ambiguous as to render it susceptible of two interpretations it should be construed most strongly against the insurer, because the latter has prepared the contract and is responsible for the language used. (*Janneck* v. *Met. Life Ins. Co.*, 162 N. Y. 574; *Killian* v. *Metropolitan Life Ins. Co.*, 251 id. 44; *Gerka* v. *Fidelity & Casualty Co.*, 251 id. 51, 55; *Mutual Life Ins. Co. of N. Y.* v. *Hurni Packing Co.*, 263 U. S. 167.)

Under a policy issued prior to the enactment of chapter 407 of the Laws of 1921 the prescribed standard provision " that the policy shall be incontestable after two years from its date of issue " was held in numerous cases to survive the death of the insured. " The rule is now settled that under a policy in this form a contest by the insurer is too late if begun after two years from the date of its issue, though within the time allowed for contest the insured has died." (*Killian* v. *Metropolitan Life Ins. Co.*, *supra*, 47.)

Subsequent to the amendment of section 101 by chapter 407 of the Laws of 1921, a provision in the form prescribed, viz., " that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue," was clear and unequivocal. No ambiguity, no doubt, no necessity, for interpretation existed.

In the instant case the language of the incontestability clause follows neither the old nor the new form. To the old form it adds the words " in force." From the new form it deletes the words " during the lifetime of the insured." If the words added to the old form were omitted there would be no ambiguity. If the words omitted from the new form had been added there would be no ambiguity. The provision in either case would be plain. The defendant insurer did not follow the language of the statute. The omission of the words " during the lifetime of the insured " cannot be disregarded.

There is serious doubt if the provision in the form in which it appears in the policy in question complies with the requirement that the policy shall contain the language of the statute " in substance." A policy containing " in substance " the provisions of the statute must of necessity contain every essential element required to be inserted in such provision to the end that it may be clear and unmistakable as to its meaning. " But insurance contracts, above all others, should be clear and explicit in their terms. They should not be couched in language as to the construction of which lawyers and courts may honestly differ. In a word, they should be so plain and unambiguous that men of average intelligence who invest in these contracts may know and

understand their meaning and import." (*Janneck* v. *Met. Life Ins. Co., supra,* 577, 578.)

It may be assumed the form of policy was approved by the Superintendent of Insurance. The act of the head of an administrative department cannot annul a legislative enactment. If the form approved did not comply " in substance " with the statutory provision (Ins. Law, § 101, subd. 2), the court, in the exercise of its function, may so determine.

The doctrine of practical construction has no application to statutes free from ambiguity or not subject to any reasonable doubt as to their meaning. (*Matter of Manhattan Savings Inst.,* 82 N. Y. 142; *People ex rel. W. S. El. Co.* v. *C. T. & E. S. Co.,* 187 id. 58; *Browne* v. *City of New York,* 213 App. Div. 206, 229, 230.)

" It must be presumed that an enactment has a purpose and an effect and that no absurd nor vain use of language was adopted. It must receive that construction which will make effective its intent." (*Travelers Ins. Co.* v. *Padula Co.,* 224 N. Y. 397, 404.)

" We are no more at liberty to disregard words contained in a statute than we are at liberty to interpolate words therein." (Cochrane, P. J., *Matter of Bristol* v. *Buck,* 201 App. Div. 100, 102; affd., 234 N. Y. 504.)

Clearly the insured " of average intelligence," reading the incontestability clause in the instant case and seeking to determine at what period after the issuance of the policy it would become incontestable, would not resort to fine distinctions and technical refinements as to the words " in force," but, reading the language, would normally and naturally understand and conclude that two years after the policy was issued it would be incontestable.

The defendant, in the learned and exhaustive argument and brief presented by its counsel, in substance contends that the words " in force " amount in effect to exactly the same as though the language of the clause had followed the language of the statute and contained the words " during the lifetime of the insured." No argument would be possible if the words " in force " were omitted from the policy in question. The rule is firmly established that the death of the insured within the period specified under such circumstances would have had no effect. (*Mutual Life Ins. Co.* v. *Hurni Packing Co., supra; Killian* v. *Metropolitan Life Ins. Co., supra; Gerka* v. *Fidelity & Casualty Co., supra; Jensen* v. *Metropolitan Life Ins. Co.,* 251 N. Y. 336; *Piasecki* v. *Metropolitan Life Ins. Co.,* 214 App. Div. 852; affd., 243 N. Y. 637; *Dee* v. *Metropolitan Life Ins. Co.,* 219 App. Div. 790; *Wolpin* v. *Prudential Insurance Co. of America,* 223 id. 339.)

In the *Hurni Case (supra)* it was succinctly said (at p. 177): " It is true, as counsel for petitioner contends, that the contract is with the insured and not with the beneficiary but, nevertheless, it is for the use of the beneficiary and there is no reason to say that the incontestability clause is not meant for his benefit as well as for the benefit of the insured.  It is for the benefit of the insured during his lifetime and upon his death immediately inures to the benefit of the beneficiary."

Authorities directly in point upon the specific question here presented are few in number and not in harmony.  The defendant relies upon *McKenna* v. *Metropolitan Life Insurance Company* (220 App. Div. 53) and *Van Saun* v. *Metropolitan Life Insurance Co.* (135 Misc. 855), in which the decision was based upon the *McKenna* case.  The *McKenna* case· was first reported *sub nom. Malnati* v. *Metropolitan Life Insurance Co.* (127 Misc. 674).  The same clause was considered as is presented for consideration here. A similar motion was made and granted at the Special Term. Upon appeal the Appellate Division in the Second Department discussed numerous authorities and said (at p. 59): " The cases I have discussed show the uncertainty and the resulting conflict in connection with the question involved."  No consideration was given to the question whether the clause complied with the requirements of the statute prescribing its form.  The court also said (at p. 59): " Before the enactment of the amendment of 1921 the language of the standard incontestable clause was ambiguous. Had the company used the language prescribed by the amendment the ambiguity would have been overcome and it would have been plain that before a policy could become incontestable it must have been in force for two years and the insured must have been alive during all of the two years.  The company, however, chose to continue the ambiguity by ignoring the mandate of the amendment. The language of the clause being of the company's own selection, the doubt arising should ordinarily be resolved against it.  (*Mutual Life Ins. Co.* v. *Hurni Packing Co., supra.*)  But in view of the *McCormack* and other New York cases where the incontestable clause paralleled the clause in the instant case, I fail to see how we can say as matter of law that under the clause in question the policy outlived the death of the insured; and we cannot sustain the summary judgment unless we so hold.  I think the defendant insurance company has shown that it has an ' arguable defense.' "

We fail to discover that the court in the *McKenna* case considered failure of the clause to conform to the statutory provisions. True, it held the defendant had shown it had an " arguable defense." It reversed the order granting the motion for summary judgment

and apparently sent the case back for trial. Since that decision the Court of Appeals in the *Killian Case* (*supra*) has said (at p. 49): " The value of a clause declaring a policy incontestable lies to no slight degree in the definiteness of the protection accorded to the holder. The good that it promises is in part a state of mind. After the lapse of two years the insured is no longer to be harassed by the fear that the policy will be avoided by interested witnesses asserting in later days that there was a disclaimer long ago. After a like lapse the beneficiaries are no longer to be subjected to the risk of forfeiture through notices or warnings that may be hard to disprove when the insured is in his grave. Alike for insured and for beneficiaries, there is to be the peace of mind that is born of definiteness and certainty. The clause, in effect, if not in form, is a statute of limitations, established by convention, and like the statute is directed to remedies in court. (*Wright* v. *Mut. Benefit Life Assn.*, [43 Hun, 61].) "

The decision in the *Van Saun* case adopts and follows the *McKenna* case. In *Dee* v. *Metropolitan Life Insurance Co.* (*supra*, 790) the Appellate Division in the Second Department held: " The incontestability clause survived the death of the assured. (*Mutual Life Ins. Co.* v. *Hurni Packing Co.*, 263 U. S. 167.) Compliance by defendant with the Insurance Law would have avoided the question. There was no proof of a contest."

The other cases relied upon by defendant (*McCormack* v. *Security Mut. Life Ins. Co.*, 220 N. Y. 447; *McDonnell* v. *Mutual Life Ins. Co.*, 131 App. Div. 643) do not appear to be at all decisive on the question here presented.

The same incontestability clause was considered by the United States Circuit Court of Appeals for the Fifth Circuit, in *Jefferson Standard Life Insurance Co.* v. *McIntyre* (294 Fed. 886). In the *McIntyre* case the policy provided that it should be incontestable after it had been in force for one year. The insured died within the year. The court held: " The contested policies did not cease to be in force upon the death of the insured. The contracts remained in force, upon the death of the insured immediately inuring to the benefit of the beneficiaries." The same principle was enunciated in the case of *Jensen* v. *United States* (29 F. [2d] 951).

In *New York Life Insurance Company* v. *Faillace* (138 Misc. 182) the insurer brought an action for rescission against the beneficiary. It was alleged the insured obtained the policy by fraudulent statements. The insured died within one year. The policy contained a two-year incontestability clause. It was contended the plaintiff had no cause of action against the defendant beneficiary. The court (at p. 183) said: " Upon the death of the assured the bene-

ficiary is entitled to enforce the policy provisions. Whatever interest therein the assured may have had during her lifetime passed to the beneficiary upon her death, and he alone can bring action upon the policy. In the event such action were brought, the plaintiff insurer would be entitled to defeat his claim by the establishment of the fraud alleged in its complaint. In view of the incontestability provision in the policy, the insurer cannot be compelled to await the bringing of such action by the beneficiary, but may, in order to avoid a forfeiture of its rights, seek the rescission here sought." The decision was affirmed without opinion. (231 App. Div. 826.)

It is apparent the court determined in consonance with the *Hurni, Killian* and other cases, that the death of the insured within the period had no effect and at the expiration of the two-year period the insurer would not be entitled to contest the policy.

The decision is in point here and in harmony with the views herein expressed.

The specific question here presented is still an open one in the State of New York. Applying the well-established principles applicable to the interpretation of contracts of insurance as stated in the cases cited and many others, the failure of the defendant insurer to follow the statutory provision, its creation of ambiguity where there was no occasion for ambiguity to exist, and the natural interpretation that the applicant or policyholder of average intelligence would give to the language, require the clause in question to be construed to mean that the policy is incontestable after it has been in existence unrescinded, uncanceled, unaffected by litigation, and the obligations of the insurer thereunder still in force and effect for a period of two years from its date of issue.

The incontestability clause in the policy in question must be interpreted in the light of the language used. It is not the function of the court to supply words to make it plain where it is now equivocal, to render it certain where it is now uncertain, or to supply clearness where there is now ambiguity and doubt. Under the authorities, the doubt and ambiguity must be resolved against the defendant who chose its language and failed to follow the standard provision prescribed by law. (Cases cited, *supra.*)

The incontestability clause in this case, not clearly conforming to subdivision 2 of section 101 of the Insurance Law, must and should be interpreted in the manner the ordinary man, the person of " average intelligence," applying for and accepting its contract, would understand the words used by the defendant. The words used convey the unmistakable meaning that the policy, under the language of the incontestability clause, two years after its date of

issue would not be subject to contestability by the defendant company.

For the reasons stated the motion to strike out the affirmative defense contained in defendant's answer in paragraphs marked " first " to " fifth," inclusive, should be granted.

The denials in the defendant's answer raising issues putting plaintiffs to their proof, that portion of the motion for judgment on the pleadings should be denied.

Ordered accordingly, with ten dollars costs to plaintiffs.