Angelina Grana, Appellant, *v.* Metropolitan Life Insurance Company and Another, Respondents.

Fourth Department, November 30, 1932.

*Maloney & Foster* [*William J. Maloney* of counsel], for the appellant.

*John Van Voorhis' Sons* [*John Van Voorhis* of counsel], for the respondent Metropolitan Life Insurance Company.

*Charles W. Murphy,* for the respondent Riscili.

Taylor, J. In this action to recover under a life insurance policy plaintiff has made a motion to discontinue the action and another motion to be permitted to serve a second amended complaint. Both motions were denied and these appeals result. The policy was issued June 1, 1930. The insured died November 10, 1930. The instant action was commenced in June, 1931. An answer was served in November, 1931, in which material allegations of fraud on the part of the insured were made, substantiation of which by proof would defeat the action. Plaintiff's motion to discontinue the action was denied October 10, 1932. This disposition is correct if the granting of the order would be inequitable to defendant. (*Carleton* v. *Darcy,* 75 N. Y. 375.) Bearing in

mind the chronology above mentioned — more than two years having elapsed since the date of issuance of the policy — if discontinuance were now allowed defendant's defenses would be unavailable unless the death of the insured prior to the termination of the two-year period removed all limitation upon defendant's right to contest.

Section 101 of the Insurance Law has long provided that no life insurance policy (with an exception immaterial here) shall be issued or delivered in this State unless it contains certain provisions, one of which is found in subdivision 2. Prior to the year 1921 one of the required provisions was stated in subdivision 2 to be that " the policy shall be incontestable after two years from its date of issue except for non-payment of premiums," etc. By chapter 407 of the Laws of 1921 this subdivision was amended to read that " the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue except for non-payment of premiums," etc. The policy involved in this suit did not conform to the directions prescribed in subdivision 2 as last quoted, but was issued by the company to read " this policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for non-payment of premiums," etc. The scope and effect of the words " in force " have been the subject of judicial interpretation on many occasions and two separate conclusions have been reached. An extended discussion of these cases will not be attempted since an incontestability clause exactly like the one here under review and was involved in *McKenna* v. *Met. Life Ins. Co.* (220 App. Div. 53; appeal dismissed, 247 N. Y. 527) and in *Kocak* v. *Met. Life Ins. Co.* (144 Misc. 422). In both opinions the authorities were collated and discussed, having under consideration subdivision 2 of section 101 of the Insurance Law, as it read both before and after its amendment by chapter 407 of the Laws of 1921. We feel that we need go no further than to say that we are of the opinion that the correct applicable rule is stated in the *Kocak* case and that if the instant action were discontinued defendant would be out of court and inequitably so. Furthermore, it would appear from the record that discontinuance would only pave the way for a new complaint which would be insufficient for the reasons next to be stated.

As to the order denying leave to serve a second amended complaint, respondent insurance company consents in its brief and in open court that plaintiff's complaint may be deemed amended to contain allegations of due performance of all conditions of the contract, including due service of proof of death. The other new

allegations in the proposed amended complaint furnish no basis for the relief demanded, under the rule laid down in *Minsker* v. *John Hancock Mut. Life Ins. Co.* (254 N. Y. 333).

The orders appealed from should be affirmed. Ten dollars costs only and disbursements are allowed to respondents.

All concur.

Orders affirmed, with ten dollars costs only and disbursements to the respondents.