KATHLEEN SHANNON, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, March 20, 1933.

*Frederick L. Weisler,* for the plaintiff.

*Tanner, Sillcocks & Friend* [*Charles B. LaVoe* of counsel], for the defendant.

EDER, J. The action is upon a policy of life insurance. Defendant seeks to escape liability upon the ground of fraud and misrepresentation practiced by the insured in procuring the policy. Plaintiff moves for summary judgment urging that the answer raises no triable issue.

The focal point upon which this controversy revolves is the incontestability clause contained in the policy which provides that it " shall be incontestable after it has been in force for a period of two years from its date of issue * * *."

The policy was issued on December 19, 1930; the insured died on May 5, 1932. This suit was commenced on January 3, 1933, obviously more than two years from the date of issue. But the defendant contends that the policy was not " in force " for a period of two years from the date of its issue because the insured died within that period.

Subdivision 2 of section 101 of the Insurance Law, so far as here pertinent, requires such a policy to contain a provision that it " shall be incontestable after it has been in force *during the lifetime* of the insured for a period of two years from its date of issue."

However, the policy as issued by the defendant omits the phrase " during the lifetime," and provides that " This policy shall be incontestable after it has been in force for a period of two years from its date of issue * * *."

It is, therefore, that plaintiff contends that the policy is incontestable.

The deviation by the defendant from the standard form prescribed by the statute does not in any way affect the validity of the contract of insurance which has in fact been made and the policy is enforcible as written. (*Graf* v. *Employers' Liability Assur. Corp.,* 190 Iowa, 445; 180 N. W. 297.)

The defendant counters, in opposition, with the claim that even with the omission of the phrase " during the lifetime " of the insured, none the less the words " in force " necessarily import that condition; that the policy terminates with the death of the insured, and the insured having died prior to the expiration of two years from the date of issue of the policy, it was not " in force " for the requisite period, and, in consequence, it is not precluded from

contesting liability. In other words, that the phrase " in force " means that the assured must be alive during the whole period of two years. If this contention is to be regarded as correct, it necessarily renders superfluous the words " during the lifetime " of the insured.

*McKenna* v. *Metropolitan Life Ins. Co.* (220 App. Div. 53 [2d Dept.]) and *Van Saun* v. *Metropolitan Life Ins. Co.* (135 Misc. 855 [City Court]; affd. without opinion), following the *McKenna Case*, sustain defendant's position. A directly converse view is taken in *Grana* v. *Metropolitan Life Ins. Co.* (237 App. Div. 54 [4th Dept.]), approving *Kocak* v. *Metropolitan Life Ins. Co.* (144 Misc. 422 [Sup. Ct. Broome County]).

Confronted with this conflict of decision, it becomes necessary to choose — there being no direct ruling in the First Judicial Department — the ruling to follow.

It is asserted by the defendant that as the *Van Saun* case was affirmed by the First Appellate Term, and leave to appeal to the First Appellate Division denied (230 App. Div. 810), it is equivalent or tantamount to a determination by the appellate courts in the First Department that the rule announced by the Second Appellate Division in the *McKenna* case has been approved.

I do not share this view. Where the ruling of a lower court is affirmed, without opinion, it is not to be thereby assumed that the views of the lower court have been adopted by the court of review as its own (15 C. J. 970). And where leave to appeal has been denied, as in a case where a petition for a writ of certiorari is refused, its only effect is that the court to which application has been made has not seen fit, for reasons of its own, to further review the question presented, but such denial or refusal is no indication that the views of the lower tribunal have been accepted as correct. (*United States* v. *Carver*, 260 U. S. 482, 490; *Hamilton-Brown Shoe Co.* v. *Wolf*, 240 id. 251, 256–258.)

Thus there is no concrete ruling on the specific question by the appellate tribunals in the First Judicial Department.

The general rule is that the law as determined by an appellate court is controlling upon and is to be followed by an inferior court located within the judicial department over which the appellate court exercises supervisory jurisdiction. (*Charles* v. *Arthur*, 84 N. Y. Supp. 284; *Matter of Greim*, 183 id. 149.) But here there is no controlling rule of guidance, since the Appellate Division in the Second and Fourth Judicial Departments are tribunals of equal standing, and this action is pending in the First Department.

In *Collins* v. *Connelly* (125 Misc. 871) the First Appellate Term held that in the absence of an express ruling by the Appellate

Division in the First Department, it was not bound to follow a ruling of the Second Appellate Division at variance with its own view. Therefore, I believe I am free, under the circumstances, to follow the view expressed by the Fourth Appellate Division in the *Grana* case, and accordingly adopt it. I do so because it seems to me to be more in consonance with the general rules of construction.

It is held that contracts of insurance are to be interpreted like any other contracts (*Royster Guano Co.* v. *Globe & Rutgers Fire Ins. Co.*, 252 N. Y. 75, affg. 226 App. Div. 178), and that where a contract is free of ambiguity it should be construed according to its plain language. (*Epstein* v. *Mutual Life Ins. Co.*, 143 Misc. 587.) Furthermore, if any ambiguity may be said to exist — though I perceive none — it is to be construed against the defendant since it drew the policy. (*Kocak* v. *Metropolitan Life Ins. Co.*, *supra*.)

In plain terms, clear and unequivocal, the policy provides: " This policy shall be incontestable after it has been in force for a period of two years after its date of issue * * *."

Nowhere is it provided in the policy, or intimated in any form, that it shall be a condition precedent to the effectiveness of this provision that the insured must survive the two-year period, and I do not feel that this restriction, or limitation, should be read into the policy by judicial fiat.

If the defendant intended such a limitation, or contemplated such a restriction, it should have incorporated it in the policy. When a contract is clear and definite in its terms, it is the function and duty of a court to enforce the contract of the parties as they have made it and not to make it over for them (*Matter of Metropolitan Life Ins. Co.* v. *Beha*, 226 App. Div. 408), and as the provision in question, in my opinion, admits of no uncertainty, it should be enforced according to its plain terms.

The policy was issued on December 19, 1930; suit was begun on January 3, 1933, more than two years from the date of its issue, and throughout this interval it has been in force, as, for the reasons stated, the death of the insured did not terminate the policy and the incontestability provision survived the death of the insured.

It is, therefore, incontestable, and the defendant is, in consequence, conclusively estopped from contesting liability under it. It follows that there is no defense to the action and the answer interposed presents no triable issue. The motion for summary judgment is granted and judgment is rendered in favor of the plaintiff and against the defendant as demanded in the complaint. Ten days' stay of execution.