(Nos. 15640-41-42-43.—Judgments affirmed.)

LEROY D. POWELL, Defendant in Error, *vs.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff in Error.—Same Defendant in Error v. Same Plaintiff in Error.—BESSIE A. POWELL, Defendant in Error, *vs.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff in Error.—Same Defendant in Error *vs.* Same Plaintiff in Error.

*Opinion filed June 17, 1924—Rehearing denied October 9, 1924.*

1. CONTRACTS—*when contract is rescinded for fraud.* A contract may be rescinded and terminated for fraud upon notice thereof to the offending party and the tender back of any consideration or benefits received, but merely charging fraud and serving notice of rescission cannot, of itself, be a rescission until it is proved that fraud in fact. exists.

2. INSURANCE—*when incontestable clause is valid.* An incontestable clause is valid which gives to the insurer a reasonable and certain time in which to discover fraud in securing the insurance contract and make a contest of the policy.

3. SAME—*purpose and effect of incontestable clause.* The purpose of an incontestable clause in a life insurance policy is to fix a limited time in which the insurer must ascertain the truth of the representations made in securing the policy, and such clause does not waive all defenses and condone fraud but provides a short statute of limitations in favor of the insured, and within the limited period the insurer must assert its claim either by affirmative action or by defending a suit brought on the policy.

4. SAME—*mere notice of rescission for fraud is not a contest of policy.* To contest a life insurance policy within the meaning of a clause providing that it shall not be contestable after a certain period, it is essential that the insurer proceed by way of defense to a suit brought upon the policy or by independent action to can-

cel the same; and mere notice of rescission, with tendering back premiums and interest, is not a contest of the policy. (*Ramsey* v. *Old Colony Life Ins. Co.* 297 Ill. 592, followed.)

5. SAME—*equity has jurisdiction to annul a life insurance policy.* A court of equity has jurisdiction to annul a life insurance policy at the instance of the insurer, and such course must be pursued by the insurer desiring to cancel a policy where the insured does not agree to a rescission.

6. SAME—*how insurer may preserve his rights under incontestable clause.* The insurer, by filing pleas in defense to a suit on the policy within the contestable period or by filing a bill to cancel the policy within such time preserves his rights under an incontestable clause, whether or not the beneficiary dismisses his action and brings another suit at a later time.

FARMER, J., dissenting.
CARTER, C. J., took no part.

WRITS OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeals from the Circuit Court of Randolph county; the Hon. JOHN F. GILLHAM, Judge, presiding.

WINSTON, STRAWN & SHAW, and CHARLES E. FEIRICH, (SILAS H. STRAWN, JAMES H. WINSTON, JOHN D. BLACK, and JAMES H. CARTWRIGHT, JR., of counsel,) for plaintiff in error.

H. CLAY HORNER, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The plaintiff in error issued to Alfred E. Powell four life insurance policies: One for $3000, dated April 28, 1919; one for $3000, dated May 13, 1919; one for $5000 and one for $4000, each dated October 27, 1919. Bessie A. Powell was named beneficiary in the first two mentioned and LeRoy D. Powell in the other two. These policies each contained this clause: "This policy shall be incontestable after two years from its date of issue except for

non-payment of premiums." The insured died October 26, 1921. Suit was started on these four policies on February 21, 1922. The declarations aver that on the third day of December, 1921, the plaintiffs gave to the defendant notice of the death of Powell and submitted proofs thereof. To each of the declarations the defendant filed three special pleas, averring false and fraudulent answers in the applications of the insured and that the same were known by him to be false and fraudulent, and that the defendant, relying upon the truth of the answers, issued the policies; that afterwards, on December 2, 1920, the defendant discovered that the answers were false and fraudulent and immediately served notice in writing on the insured and on the beneficiaries named in the policies that it had canceled the same on the ground of the false and fraudulent statements, and that it at that time tendered back to the insured all the premiums paid by him, with interest thereon. The plaintiffs (defendants in error here) demurred to these special pleas and the court sustained their demurrers. Plaintiff in error elected to stand by its pleas, and judgment was rendered for the plaintiff in each of the four cases. These judgments were affirmed on appeal to the Appellate Court, and the causes come here by *certiorari*. The causes are consolidated for hearing and determination in this court, as they involve the same questions.

Plaintiff in error's contention is that when it rescinded the policies for fraud within the two years referred to in the incontestable clause it contested the same within the meaning of that clause, and that it is therefore entitled to make that defense against payment of the policies. Defendants in error, on the other hand, contend that the incontestable clause requires that the plaintiff in error shall within two years from the date of the policy contest the same by an action or defense in court, and that since this was not done, the attempted rescission was of no avail. It is un-

disputed that a contract may be rescinded and terminated for fraud upon notice thereof to the offending party and the tender back of any consideration or benefits received. *Doane* v. *Lockwood,* 115 Ill. 490; *New York Brokerage Co.* v. *Wharton,* 143 Iowa, 61; *Ludington* v. *Patton,* 111 Wis. 208; *New York Life Ins. Co.* v. *Adams,* 151 Ark. 123; *Defiel* v. *Rosenburg,* 144 Minn. 166.

The question in this case is whether notice of rescission and tender back of premiums paid constitutes a contest within the meaning of the incontestable clause.

Defendants in error, however, contend that as to an insurance policy containing the incontestable clause herein set out, it is necessary, in order to terminate the policy, that the same be contested within two years, and that a contest means a court proceeding. In support of this contention defendants in error rely upon *Ramsey* v. *Old Colony Life Ins. Co.* 297 Ill. 592. Plaintiff in error replies to this position, first, that the *Ramsey case* can be distinguished from this case; and second, if it cannot, this court should not adhere to the rule there announced for the reason that it is wrong, and for the further reason that what was said in the opinion in that case was not necessary to the decision.

Clauses in life insurance policies known as "incontestable clauses" are in general use, and in this State (Laws of 1921, p. 482,) and in other States are now required by statute. In the earlier development of insurance contracts it not infrequently occurred that after the insured had paid premiums for a large number of years, the beneficiaries under the policy found, after the maturity thereof by the death of the insured, that they were facing a lawsuit in order to recover the insurance; that in certain answers in the application it was said by the insurer, the insured had made statements which were not true, and the beneficiaries were not entitled to recover on the policy. It is needless to call attention to the fact that this situation gave rise to a widespread suspicion in the minds of the public that an insur-

ance contract was designed largely for the benefit of the company. Recognizing this fact and seeing the effect of it on the insurance business, numerous insurance companies inserted in their policies what is now known as an incontestable clause. Some early policies contained a clause to the effect that they were incontestable from date. Such a clause has been generally held in this country to be void as to the defense of fraud. The incontestable clause now in general use is to the effect that the policy shall be incontestable after a certain period, as one or two years, except for defenses recited therein. Such a clause is generally upheld as valid, because it gives to the insurer a reasonable time in which to discover fraud, if there be such, in the securing of the insurance contract. (*Wright* v. *Mutual Benefit Life Ass'n*, 118 N. Y. 237; *Massachusetts Benefit Life Ass'n* v. *Robinson*, 104 Ga. 256; *Clement* v. *New York Life Ins. Co.* 101 Tenn. 22; *Bates* v. *United Life Ins. Ass'n*, 68 Hun, 144; *Murray* v. *State Mutual Life Assurance Co.* 22 R. I. 524.) This clause amounts to an agreement between the insurer and the insured that after the expiration of such period the company shall be estopped from contesting the policy or setting up any defense, except such as may be reserved therein or such as is allowed on the ground of public policy. The stipulation does not waive all defenses and does not condone fraud, but recognizes fraud and all other defenses and constitutes a short statute of limitations in favor of the insured, the purpose of which is to fix a limited time in which the insurer must ascertain the truth of the representations made, and, in case of a breach of warranty, the insurer must, under this clause, assert its claim within the two-year period, either by affirmative action or by defense to a suit brought on the policy by the beneficiary within two years. *Monahan* v. *Metropolitan Life Ins. Co.* 283 Ill. 136; *Weil* v. *Federal Life Ins. Co.* 264 id. 425; *Flanigan* v. *Federal Life Ins. Co.* 231 id. 399; *Royal Circle* v. *Achterrath,* 204 id. 549.

In *Ramsey* v. *Old Colony Life Ins. Co. supra,* the policy was issued September 7, 1916, and was incontestable, except for non-payment of premiums, after one year from its date of issue. The insured died April 13, 1917. No administrator of his estate was appointed until July 19, 1918, and suit was begun on the policy November 7, 1918. The plea alleged that as soon as the insurer learned of the fraud, it did on August 1, 1918, tender back the premiums and interest, which were, however, refused. This tender was repeated by the plea. This court in that case held that the rights of the parties were not fixed by death of the insured but the policy was contestable only until the period had run. It was also held that during the time following the death of the insured and until an administrator was appointed, against whom suit to cancel the policy could be brought, the running of the incontestable period would be tolled, but that the effect of the clause was to create a short statute of limitations in favor of the insured, within which limited period the insurer must, if ever, test the validity of the policy. This rule has also been announced in *Wright* v. *Mutual Benefit Life Ass'n, supra, Massachusetts Benefit Life Ass'n* v. *Robinson, supra, Clement* v. *New York Life Ins. Co. supra, American Trust Co.* v. *Life Ins. Co. of Virginia,* 173 N. C. 558, *Murray* v. *State Mutual Life Assurance Co. supra, Mutual Life Ins. Co.* v. *Buford,* 61 Okla. 158, and *Metropolitan Life Ins. Co.* v. *Peeler,* 176 Pac. 938. It was in the *Ramsey case* held by this court that under the plain construction of this clause such contest can be made only by proceedings in court to which the insurer and the insured, or his representatives or beneficiaries, are parties.

Plaintiff in error contends that the affirmative action required by the rule generally adopted in this country has been met by its notice of rescission and tender back of premiums paid. The construction of the terms "take affirmative action" and "test the validity of the policy," however, has been made clear not only in the *Ramsey case,* de-

cided by this court, but likewise in the decisions of other courts. In *Wright* v. *Mutual Benefit Life Ass'n, supra,* it was held that the insurer might annul the contract on the ground of fraud provided an action was brought within the period, and that since in that case "no action was brought by the defendant within one year from the date of the policy to have the contract of insurance canceled or rescinded," the policy was in force and the insurer was precluded from relying on the defenses there set up. That case is frequently cited and is well considered. In *Mutual Life Ins. Co.* v. *Buford, supra,* it was held that "every defense to a policy of insurance embraced within the terms of the incontestable clause is completely lost to the insurer if it fails to make the defense or take affirmative action within the time limited by the policy." So in *Ebner* v. *Ohio State Life Ins. Co.* 69 Ind. App. 32, it is said that if the insurer "desires to contest the policy, appropriate steps to that end, either by a defense to an action brought on the policy in case of the death of the insured, or by proper affirmative. action, must be taken within the year." To the same effect is *Plotner* v. *Northwestern Nat. Life Ins. Co.* 183 N. W. (N. D.) 1000. In *Clement* v. *New York Life Ins. Co. supra,* the Tennessee court used the following language: "The effect of the provision is to prevent the insurer from interposing as a defense the falsity of the representation of the insured which is a fraud, but it does not prevent an abandonment, rescission and cancellation of the contract for such a fraud, provided the action for that purpose is brought within a year." In *Indiana Nat. Life Ins. Co.* v. *McGinnis,* 101 N. E. (Ind.) 289, it was held that such a clause is a short statute of limitations, in which the insurer must, if ever, test the validity of the policy.

In the following cases the holding of the courts in effect supports the above rule: *Hardy* v. *Phœnix Mutual Life Ins. Co.* 180 N. C. 180; *Reliance Life Ins. Co.* v.

*Thayer,* 84 Okla. 238; *Mutual Life Ins. Co.* v. *Lovejoy,* 201 Ala. 337; *Humpston* v. *State Mutual Life Assurance Co.* 256 S. W. 438; *Jefferson Standard Life Ins. Co.* v. *McIntyre,* 294 Fed. 887; *Jefferson Standard Life Ins. Co.* v. *Keeton,* 292 id. 55; *New York Mutual Life Ins. Co.* v. *Pickering,* 293 id. 496; *Trust Co.* v. *Insurance Co.* 173 N. C. 558; *Mutual Life Ins. Co.* v. *Wiegmann,* 256 S. W. 505. These cases hold, in effect, that an unaccepted offer for rescission or an attempt to rescind within the period named in the incontestable clause is insufficient, and that it is necessary that the insurer during such period rescind by affirmative action before a proper tribunal or by defense to a suit brought on the policy.

It will be seen from an examination of the authorities cited, that by the great weight of authority in this country, to contest a policy for fraud it is essential that the insurer proceed, by way of defense, to a suit brought upon the policy or by independent action to cancel the same, and that notice of rescission, with tendering back premiums and interest, is not a contest within the meaning of the clause. Nor is this an unreasonable or unjust rule. An insurance contract differs from contracts of other kinds in that the time of performance by the insurer is uncertain, while it is necessary for the insured to continue in the performance of his obligations throughout the uncertain period of his life. It is therefore highly desirable, from the standpoint of both the insurer and the insured, if the question of fraud be raised by the insurer, that it be settled within a reasonable time. An attempt at rescission raises an issue of fact, and all consideration tends to the conclusion that it should within a reasonable time be settled. The notice of rescission served by the insurer demonstrates that it wishes to terminate all transactions with the insured. It can therefore be but desirable to it that questions arising out of the notice of rescission should not await an indefinite number of years for adjustment. It is certainly to

the best interest of the insured that an early settlement of the issue of fact be had for at least two reasons: First, after notice of rescission the insured to all practical purposes stands in a position similar to one whose application for insurance has been rejected, and it is well known that as practical matter he encounters difficulty in securing another policy; second, he must because of this unsettled issue continue throughout his life to tender premiums and in all things offer to do and perform his part of the contract, but with the feeling that after his death his loved ones have but acquired a lawsuit.

Mere notice of rescission for fraud settles nothing. Actual rescission is permitted for fraud without the consent of the other party to a contract where such fraud is shown, but the right to rescind does not exist unless such fraud is proven. Charging fraud and serving notice of rescission cannot, of itself, be a rescission for fraud. It still remains to be proven whether or not fraud in fact exists. By notice of rescission for fraud the insurer raises an issue of fact, and whether the policy is still good or is canceled depends upon the decision of that issue. The law recognizes but two ways of settling issues of fact. They are by stipulation, admission or agreement, and by proof adduced before a legal body competent to find the fact. The nature of the contract requires that an issue of this character be summarily settled and that it be not permitted to pend throughout the life of the insured.

A court of equity has jurisdiction to annul a policy of life insurance at the instance of the insurer. (*Jefferson Standard Life Ins. Co.* v. *McIntyre, supra; Mutual Life Ins. Co.* v. *Wiegmann, supra.*) It seems clear that if the insurer would contest the validity of the policy where rescission is not agreed to by the insured it should do so in the only way that is recognized in law,—*i. e.,* by a proceeding in which proof may be adduced and a finding had in the manner recognized in law as competent to make a bind-

ing determination of the issue. Nor is there in this any
hardship. The contract is usually solicited by the insurer.
It is always written by it. It has at its command more or
less extensive means of determining whether the represen-
tations made by the insured are true or false, and it is by
the contract given two years in which to find out the fraud
if any exists, and where it raises within that time an issue
of fraud, it is but just that it be required to institute the
necessary proceedings to settle that issue.

But it is argued that in case of death and suit on the
policy started within two years, where the insurer has filed
pleas within the two years, the beneficiary may dismiss his
case and bring another after the two-year period has ex-
pired, when the insurer cannot plead his defense of fraud.
This cannot be. Filing such pleas within the two years
stops the running of that period, and, where not voluntarily
withdrawn, renders available in a later suit on the policy
the defense set out in such plea. The insurer has by such
pleas complied with the "incontestable" clause, and it will
avail the beneficiary nothing to dismiss his suit. So where
the insurer has filed its bill to cancel after the death of the
insured, and the beneficiary later, within or after the two-
year period, files his suit at law on the policy, the insurer
has preserved its rights under this clause.

In *Jefferson Standard Life Ins. Co.* v. *Keeton, supra,*
the insured, under a policy incontestable after one year,
died during the year. The insurer filed a bill in equity for
cancellation of the policy on the ground of fraud. Later,
though still within the year, the beneficiary commenced an
action at law in the State court, which was removed, on
motion, to the Federal court, in which the bill in equity
was filed. It was there argued that the constitutional right
of the beneficiary entitled him to have the issue of fact
tried before a jury and that therefore the equity case should
be discontinued. However, the court held, first, that the in-

surer had a right to file its bill for the cancellation of the policy; that when the bill was filed it had no adequate remedy at law, for unless it filed its bill the insured could have waited until the lapse of the period of limitation and thus prevented the insurer from making a defense. It was also held that the court having taken jurisdiction in equity, it was its duty first to hear the suit in equity, which was first instituted, and determine the issues of fraud in that suit; that a court of equity having taken jurisdiction cannot be deprived of it by the acts of the defendant in starting a counter-action at law or by conditions which came into existence after the commencement of the action, where jurisdiction existed upon facts as they were when the suit was instituted,—citing *Busch* v. *Jones,* 184 U. S. 598, and *Camp* v. *Boyd,* 229 id. 530. By filing its bill the insurer takes the affirmative action required within the time limitation, and whether the issue of fact as to fraud be settled in a proceeding under its bill in equity or in the suit at law, it has, so long as it does not voluntarily withdraw its bill, protected its rights and has not, therefore, done a useless thing.

The plaintiff in error not having contested the policies in the manner required under the rule stated, the trial court did not err in sustaining the demurrers of defendants in error to the pleas filed and the Appellate Court did not err in affirming such action.

The judgments of the circuit and the Appellate Courts are therefore affirmed.                  *Judgments affirmed.*

Mr. JUSTICE FARMER, dissenting.

Mr. CHIEF JUSTICE CARTER took no part in the decision of this case.