MAMIE A. VAN SAUN, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

City Court of New York, New York County, October 10, 1929.

*Fred Flatow*, for the plaintiff.

*Edward M. Grout* and *Paul Grout*, for the defendant.

RYAN, J. This action was tried before the court and a jury and a verdict rendered in favor of the plaintiff for the amount demanded in the complaint. The action arose upon two insurance policies issued on the life of Evout J. Van Saun. The first policy, upon which is predicated plaintiff's first cause of action, was dated March 3, 1925. The second policy, constituting the basis of plaintiff's second cause of action, was dated November 6, 1926. Each policy contained a two years' incontestability clause, included within which was the following language: " This policy shall be incontestable after it has been in force for a period of two years from its

date of issue except for non-payment of premiums." The insured died on November 29, 1926.

This action was commenced in May, 1927, and the defendant's answer was served on or after June 7, 1927. The defendant took no steps to contest the plaintiff's claim or right under the policy, the subject of the first cause of action, until the service of its answer.

The insured in his application for the 1925 policy represented that he had never been an inmate of a hospital; had never suffered from a disease of the heart or liver; had not consulted a physician for a disease other than as mentioned in the application, and that he had not consulted or been treated by a doctor in the last five years preceding the date of the application. With respect to the application for the second policy he made representations similar to those above described, and in addition said he had never been sick of anything of importance; that his health was good, and that he had no physical or mental defect or infirmity. The proofs of death showed that during the year 1924 he was treated by a physician for jaundice for several weeks; that he was afflicted with an enlarged liver and myocarditis, and that he was treated in the Fifth Avenue Hospital. The defendant claims that because of these misrepresentations the policy became void.

The principal point to be determined in connection with the various motions made by counsel on both sides is an interpretation of the words " this policy shall be incontestable after it has been in force for a period of two years from its date of issue." Both sides have submitted exhaustive briefs which the court acknowledges with appreciation.

Plaintiff lays much stress upon the authority of Wolpin v. Prudential Ins. Co. of America (223 App. Div. 339) for the proposition that after the expiration of the period stated the defendant cannot assert any defense to the policy. A reading of the opinion in that case discloses that the language used in the policy was as follows: " This policy shall be incontestable after one year from its date except for nonpayment of premiums," and held that the death of the insured within the incontestability period did not suspend the operation of that clause. Counsel then cites what he terms to be the leading case in this country on the question at issue (Mutual Life Ins. Co. of N. Y. v. Hurni Packing Co., 263 U. S. 167). The incontestability clause in the policy, in which case was to the effect that the policy would be incontestable providing " two years shall have elapsed from its date of issue," and the court held that the provision of incontestability after a certain period from the date of the policy applies where the period elapses after the death of the

insured. In all the other cases cited by plaintiff the incontestability clauses were to the same effect.

Those cases seem to me to be readily distinguishable from the instant case, where the policy provided that it shall be incontestable " after it has been in force for a period of two years from its date of issue." The distinction between the two clauses is apparent, and it seems to me material.

That brings us to the main proposition involved in the case at bar. Section 101, subdivision 2, of the Insurance Law (as amd. by Laws of 1923, chap. 28)* provides: " A provision that the policy shall be incontestible after it has been in force during the lifetime of the insured for a period of two years from its date of issue except for nonpayment of premiums and except for violation of the conditions of the policy relating to military or naval service in time of war." The policy involved here omitted the words " during the lifetime of the insured," as contained in subdivision 2 (above quoted), but did use the words " in force for a period of two years from its date." Now, what interpretation must we place upon the words " in force " as above quoted?

There is no doubt but that the aspect of a contract of life insurance changes upon the death of the insured, for upon the happening of that event the risk no longer exists. The obligation to pay in accordance with the terms of the policy continues, but the contract of life insurance cannot then be said to be " in force." It has been transformed into a liquidated debt by the happening of the contingency theretofore provided for. (*McDonnell* v. *Mutual Life Ins. Co.*, 131 App. Div. 643.) The identical wording here under consideration was interpreted by the Appellate Division, Second Department, in the case of *McKenna* v. *Metropolitan Life Ins. Co.* (220 App. Div. 53) on a motion for summary judgment. Mr. Justice MANNING, writing for the majority of the court, discussed numerous authorities and concluded that " where the incontestable clause paralleled the clause in the instant case, I fail to see how we can say as matter of law that under the clause in question the policy outlived the death of the insured."

From the foregoing it seems to me that the insured having died within the period as stated in the incontestability clause the defendant, therefore, had a right to contest the policies. This it has done, alleging misrepresentations by the insured in his applications for the policies in question in that he made misstatements as to whether or not he had ever suffered from any ailments or diseases of certain organs; or whether or not he had ever consulted a physician within

* Opening paragraph of section was amended by Laws of 1927, chap. 472.— [REP.

the preceding five years, and whether or not he had ever been an inmate of a hospital within the five years preceding the date of his application. Defendant's Exhibit A (proof of death) sets forth that the insured was treated for gravel during the year 1923 at the Fifth Avenue Hospital. Defendant's Exhibit B (declarations made by the claimant) sets forth by Doctor Thomas, the family and attending physician, that the chief cause of death was lobular pneumonia and the contributing cause myocarditis. The same exhibit further shows that during the year 1924 he treated him for jaundice for several weeks; and in reply further to item 14, " Was deceased afflicted with any infirmity, deformity or chronic disease? If so, please specify," there is written " Enlarged liver," " Myocarditis." The same exhibit under item 16 also states that the deceased was treated at the Fifth Avenue Hospital, the time of which treatment is not mentioned, and we may assume that it was the same period that is referred to in the testimony of the plaintiff. Defendant's Exhibit C (a photostatic copy of the certificate of death of the insured, which appears to have been signed by the same Doctor Thomas) states that the duration of the contributing causes to the insured's death covered a period of three years prior to November, 1926.

As to those conditions or statements there was no contradiction or explanation on the part of the plaintiff. The defendant in seeking information as to the physical condition of the insured was entitled to have correct answers to the inquiries made in the applications, particularly so if they were material to his previous condition of health, so that the defendant might acquire information concerning same. Following the contention of the plaintiff as to the materiality of the replies made by the insured in his application for the policies in question, is it not reasonable to assume that had he stated the fact that he had been in a hospital for two weeks for observation the defendant would have made further inquiries to ascertain the reasons therefor? And upon acquiring that knowledge, would the insurance company have issued the policies? The fact that his answers in his applications were in the negative as to insured's prior condition were contrary to what the insurance company was entitled to know before it issued the two policies.

In view of the foregoing it is unnecessary to pass upon the other points raised in plaintiff's brief. I am of the opinion that the defendant's motion for judgment dismissing the complaint should be granted. Plaintiff's motion for judgment for the plaintiff on the first cause of action denied and the verdict of the jury set aside. Exception to plaintiff.