No. 30,483.

LINNEA THOMAS, *Appellant*, v. THE METROPOLITAN LIFE INSURANCE COMPANY, *Appellee*.

CLARA T. THOMAS and RICHARD E. THOMAS, *Appellants*, v. THE METROPOLITAN LIFE INSURANCE COMPANY, *Appellee*.

(10 P. 2d 864.)

Opinion filed May 7, 1932.

W. W. McCanless, of Kansas City, Mo., for the appellants.

E. S. McAnany, M. L. Alden and T. M. Van Cleave, all of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs brought these actions to recover on life insurance policies in which they were named as beneficiaries. The defense of present concern was that the policies were procured by the fraud of the insured. The legal question to be determined in this appeal is the significance which should be given to an incontestable clause which was one of the terms of the policies.

On March 27, 1927, one Herbert S. Thomas made application to the Metropolitan Life Insurance Company for two policies of life insurance, one in which his wife, Linnea Thomas, was to be named beneficiary, and the other in which the proposed beneficiaries were Clara T. and Richard E. Thomas. In each of the applications was a questionnaire requiring answers by Thomas touching his health, last sickness and its duration, his infirmities if any, medical and hospital attention he had received in the preceding five years, and the like. In reliance on the answers of Thomas to this questionnaire, two policies of $1,000 each, dated April 26, 1927, were issued by the defendant company. In each of these policies was the following provision:

"This policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for nonpayment of premiums, . . ."

On October 23, 1928, which was one year, five months and twenty-seven days after these policies were issued, Thomas died. On February 11, 1929, these plaintiffs filed suits in the circuit court of Jackson county, Missouri, to recover on the policies. On March 13, 1929, defendant filed answers in those suits, pleading that the policies had been issued in reliance upon the truth of the statements and representations Thomas had made in his applications, and that those statements and representations were false in material matters specified in detail.

On motion of defendant the circuit court ordered plaintiffs to give security for costs. That order was not obeyed. Defendant then filed a motion to dismiss; and on May 3, 1929, the actions were dismissed for failure of plaintiffs to give security for costs.

About a year later, on April 11, 1930, the present actions to recover on the policies were commenced in the district court of Wyandotte county, Kansas. On May 10, 1930, defendant filed its answers set-

ting up the same defenses of fraud it had pleaded in the Missouri actions. Defendant pleaded the commencement of the Missouri cases and that it had timely pleaded its defenses of fraud therein. On June 8, 1931, at the request of counsel for the litigants, these causes were set down for hearing on questions of law in advance of trial on the issues of fact. The pleadings, policies, and copies of the files and orders in the Missouri cases and certain explanatory statements of counsel were presented and submitted to the court to enable it to decide in each of the cases—

"Whether defendant, because of the incontestable clause in its policy, is thereby precluded from establishing its defenses, as stated in its answer, to plaintiffs' action on said policy."

The trial court ruled that defendant was not precluded by the incontestable clauses from maintaining its pleaded defenses. From this ruling plaintiffs appeal.

The main point urged against the judgment is that when these actions were filed in Wyandotte county the policies containing the incontestable clause had been in force and effect for more than two years from their date of issue, and in consequence defendant was barred from setting up the defense of fraud alleged to have been practiced by the insured in obtaining them. Plaintiffs insist that the mere filing of answers in the Missouri cases setting up the defenses of fraud was not a contest of the validity of the policies; and they argue that when an action is begun and then dismissed it leaves the parties in the same position as though no action had ever been instituted. Plaintiffs also suggest that when defendant filed its motions in the Missouri court that the actions be dismissed because of plaintiffs' failure to obey the order of court to give security for costs, such tactics were equivalent to a withdrawal of its answers in which it had pleaded the defense of fraud. In plaintiff's behalf it is also suggested that in order for defendant to be relieved of its liability on the policies on account of fraud it was incumbent upon it to initiate and prosecute some appropriate action or proceeding within two years to have the policies canceled on account of fraud, and having neglected to do so the incontestable clause effectually barred such a defense to the present actions.

In support of the foregoing line of argument plaintiffs cite various precedents, including our own case of *Priest v. Kansas City Life Ins. Co.,* 119 Kan. 23, 237 Pac. 938. In that case a clause in the insurance policy making it incontestable "after one year from date of

issue" was enforced according to its terms. In the policies before us, however, the incontestable clause is materially different in text and terms. They are to be incontestable after they have been *in force* for a period of two years from date of issue except for nonpayment of premiums. Ere that period elapsed Thomas had died and the obligation of the policies was thereby matured and transformed into a debt due from defendant to the beneficiaries, subject to whatever valid defenses could be effectively offered thereto. It is rather obvious, we think, that this incontestable clause contemplated that the insured should be alive and in good standing with the insurance company by payment of the requisite premiums regularly for the two-year period.

In *Jordon v. United States*, 36 F. 2d 43, the action was upon two policies of war-risk insurance. The government's main defense was that plaintiff's infirmities did not arise from his service in the army, but that he was thus afflicted at the time of his enlistment. The terms and conditions of the war-risk insurance policy were modified (to the greater advantage of the insured) by later acts of congress, so that it was ultimately enacted that such policy should be incontestable after it "has been in force six months." Plaintiff had enlisted on January 5, 1918. On March 11, 1918, the first policy was dated and issued to him, and the second on June 1, 1918. During the month of June he developed epilepsy and on July 1, 1918, he became totally and permanently disabled, and he was discharged from the army on September 14, 1918. The circuit court of appeals held that the war-risk insurance policies had matured before they had been in force for six months, and consequently the six-months' incontestable provision had no application.

In *McDonnell v. Mutual Life Ins. Co.*, 116 N. Y. S. 35, a policy of life insurance provided for a proportionate distribution of surplus on policies *in force* at the expiration of fifteen years from date of issue. The insured died eleven days before that period had expired. It was held that there was no right to a distributive share of surplus under this policy because the words "in force" required that the insured should be alive at the termination of the fifteen-year period.

In *McKenna v. Metropolitan Life Ins. Co.*, 220 N. Y. S. 568, the action was upon a policy of insurance which contained a two-year incontestable clause substantially like the one at bar. The policy was issued on March 4, 1924. The insured died on August 24, 1925. Ac-

tion to recover on the policy was begun on April 12, 1926. The defendant's answer, filed May 17, 1926, set up the defense of fraud and misrepresentation. On the assumption that notwithstanding the death of the insured in less than a year and a half after the policy was issued it was in force two years before the action was begun, and therefore incontestable, the beneficiary moved for judgment. On appeal it was held that the two-year incontestable clause in the policy did not bar the defense of fraud where the insured died before the expiration of that period, although the answer pleading such defense was not filed until after two years; and it was further held that the words "in force" in the incontestable clause contemplated that the insured should be alive at the end of the two-year period.

The views of the courts summarized above commend themselves to our judgment, but there is much good authority at variance therewith. (See annotation to *Mutual Ins. Co. v. Hurni Co.*, 263 U. S. 167, 68 L. Ed. 235, in 31 A. L. R. 108 *et seq.*)

In *Jefferson Standard Life Ins. Co. v. McIntyre*, 285 Fed. 570, the incontestable clause read:

"After this policy shall have been in force for one full year from the date hereof it shall be incontestable for any cause except for nonpayment of premiums." (p. 571.)

Commenting on that clause the court said:

"Are the policies 'in force,' as contemplated in the clause, after the death of the assured occurring prior to one year from the date of the policy? It seems to me that the proper construction of this clause is that it contemplates the continuance in life of the assured during that year; else why except the nonpayment of premiums?" (p. 571.)

This reasoning was disapproved by the circuit court of appeals in 294 Fed. 886, on the assumption that the point was governed by the decision of the United States in the Hurni case cited above. But in the opinion of the appellate division of the New York supreme court in the McKenna case, *supra*, it was clearly pointed out that the incontestable clause in the Hurni case was quite different from the one in the McIntyre case. In the Hurni case it read:

"This policy shall be incontestable, except for nonpayment of premiums, provided two years shall have elapsed from its date of issue." (p. 174.)

The same distinction in these incontestable clauses is again pointed out in *Wolpin v. Prudential Ins. Co.*, 228 N. Y. S. 78, 80; and the McKenna case is followed in *Van Saun v. Metropolitan Life*

*Ins. Co.,* 239 N. Y. S. 698, where the identical clause we are considering here was presented for judicial interpretation.

Undoubtedly it was because of the similarity in the language of the incontestable clause in the Hurni case and in the Priest case, *supra,* which induced this court to quote approvingly from the opinion in that case.

Our statute of 1927 (R. S. 1931 Supp. 40-420), which forbids any life insurance company authorized to do business in this state to issue any life insurance policy (other than industrial, etc.) unless it contains a prescribed two-year incontestable clause, was not enacted for some months after the policies now before us were issued, so it has no bearing on the legal questions of present concern. We may take notice, however, that under its terms our present question of law is not to be left to judicial determination. The statute expressly declares that the policy "shall be incontestable after it has been in force during the lifetime of the insured for a period of not more than two years from its date, except for nonpayment of premiums."

Passing to the question whether the defenses of fraud pleaded to plaintiffs' actions in the Missouri court were available after those actions were dismissed in Missouri and recommenced in Kansas, it will be noted that defendant's answers were filed in the Missouri lawsuits before the two-year period had terminated. Plaintiffs argue that defendant caused the dismissal of the Missouri actions by filing motions to dismiss. Having timely joined issues on its defenses of fraud, defendant was entitled to all the rights of any litigant in any lawsuit. Defendant had a right to ask that plaintiffs give security for costs. It had a right to complain of plaintiffs' disobedience of the court's order regarding costs. An appropriate way to direct the court's attention to that matter was by a motion to dismiss. The actions were dismissed by the court on the express ground of plaintiffs' failure to give the security for costs. In that situation it does not seem just to hold that defendant was responsible for the dismissal of the Missouri actions. Rather the plaintiffs were responsible, in our opinion, since it was their disregard of the court's order which brought about the dismissal of the actions. If an insurance company can be maneuvered out of a defense of fraud which is timely interposed to a suit on an insurance policy by the plaintiff permitting or causing his suit to be dismissed—to be recommenced after the two-year period of incontestability has ended—a clever but

not very ethical practice of evading an issue of fraud in procuring insurance policies has been discovered. In *Ætna Life Ins. Co. v. Daniel,* (Mo.) 42 S. W. 2d 584, the supreme court of Missouri had to deal with this subject. One Daniels held a policy of life insurance which had lapsed for nonpayment of premiums. On his application accompanied by satisfactory statements touching his condition of health, his policy was reinstated on January 27, 1928. He died on August 31, 1928. On January 17, 1929, the insurance company commenced an action to cancel the policy for fraud in procuring its reinstatement. The defendant beneficiary lodged a demurrer to plaintiff's bill. It was sustained, and the cause eventually reached the supreme court which affirmed the judgment on the ground that the insurer had an adequate remedy at law by setting up the fraud as a defense to an action on the policy. But the court recognized the difficulty which might confront the insurance company if action to recover on the policy was deferred until after the period of contestability for fraud had expired, and said:

"This brings us to the contention made by appellant and denied by respondent that, even if a suit on the policy had been brought prior to the filing of the plaintiff's bill and an answer setting up its defense had been filed therein by the insurer, the plaintiff in such suit on the policy might dismiss that suit and bring another after expiration of the contestable period, in which case the insurer would be barred from contesting its liability.

"In *Powell v. Mutual Life Ins. Co. of New York,* 313 Ill. 161, 144 N. E. 825, 36 A. L. R. 1239, cited by both parties herein, the supreme court of Illinois, concerning a similar contention, said: 'But it is argued that in case of death and suit on the policy started within two years, where the insurer has filed pleas within the two years, the beneficiary may dismiss his case and bring another after the two-year period has expired, when the insured cannot plead his defense of fraud. This cannot be. Filing such pleas within the two years stops the running of that period, and, where not voluntarily withdrawn, renders available in a later suit on the policy the defense set out in such plea. The insurer has by such pleas complied with the "incontestable" clause, and it will avail the beneficiary nothing to dismiss his suit.' (313 Ill. 161, 144 N. E. loc. cit. 828, 36 A. L. R. 1239.)

.   .   .   .   .   .   .   .   .   .   .   .   .

"The holding in *Powell v. Ins. Co.,* supra, appeals to us as based on sound reason and justice. If the beneficiary brought an action on the policy within the contestable period, and the insurer, within such period, tendered therein a defense it was then entitled to make, and the beneficiary dismissed such suit and after the expiration of the contestable period brought another suit on the policy, the beneficiary should then in reason and justice be held to be precluded from asserting that the insurer had not contested the policy within the time prescribed. Certainly no court would permit a litigant thus

by his own act to deprive his adversary of a valid defense which such adversary had timely offered. And we agree with the Illinois supreme court that, by thus filing its plea within the contestable period, such plea not being voluntarily withdrawn, the insurer would have 'complied with the "incontestable" clause,' and would be entitled to set up such defense in any subsequent suit brought by the beneficiary on the policy." (p. 587.)

See an instructive discussion of this subject in *New York Life Ins. Co. v. Hurt*, 35 F. 2d 92; also annotation to *Powell v. Mutual Life Ins. Co.*, 313 Ill. 161, in 36 A. L. R. 1245 *et seq.*

The judgment is affirmed.