JACOB KOCAK and Another, Respondents, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.*

Third Department, March 15, 1933.

---

* Affg. 144 Misc. 422.

*Jenkins, Deyo & Hitchcock* [*Israel T. Deyo* of counsel], for the appellant.

*Chernin & Gold* [*A. E. Gold* of counsel], for the respondents.

McNAMEE, J. The incontestability period of the policy was two years from the date of issue; the insured died within, and the action was brought after, the expiration of that period. It will be observed that the statute in force when the policy was issued contained the words, " in force during the life time of the insured; " and that the appellant company, in the incontestability provision

in question, made use of the words " in force," but omitted the remaining words of the amendment. Thus the clause in the policy as issued was not in the form provided by the earlier statute, or by the statute as amended.

The insurance company now contends in effect that the clause under consideration should be interpreted as though it in fact contained the omitted words. The company also says that the words " in force " limited the contract so that it ceased to be in force when the insured died, and that the policy may be now contested on the ground of misrepresentation in the application therefor. To add force to these claims the company urges that the form of the policy was approved, as required by law, by the State Superintendent of Insurance as a " substantial " compliance with the statute; and also that various sections of the Insurance Law, among them sections 86 and 96, make use of the expression " in force " to designate policies on the lives of persons still living, as distinguished from unpaid policies issued to persons who have since died. And thus it is proposed to deduce a rule of construction from those sources.

It is our view that the questions arising here on the incontestability clause have not been passed upon by the Court of Appeals, or by the United States Supreme Court, although decisions of both of those courts were cited on the briefs to sustain the points in dispute.

The fact that the Superintendent of Insurance, in the exercise of his discretion and in the performance of his statutory duty, approved the form of the policy in question, believing the incontestability clause was " in substance " the same as that contained in the statute, cannot be regarded as affecting the contractual rights of the insured, when the insured does not raise the question. Had the company neglected to secure such approval it would have been guilty at least of delinquency in not complying with the statute; but such failure would not relieve the company of its contractual obligation, any more than such an approval alters the rights of the insured as fixed by the contract. And again, the Superintendent of Insurance may have regarded the form of the incontestability clause in the policies issued by the defendant as more favorable to the insured than the statute required, and for that reason approved it. (Ins. Law, § 101, subd. 10.) And similarly, the use of the expressions " in force," and " policies in force," in sections 86 and 96, and perhaps other sections of the Insurance Law, have to do with the internal administration of insurance companies, and their relations with the State Insurance Department, rather than with the rights and obligations cf the

parties as fixed by the insurance contract. Such action by the Superintendent of Insurance, and such references in the statute are not mentioned in the policy, nor do they form any part of the contract which plaintiff here seeks to enforce.

The appellant urges that the Court of Appeals has decided that a policy is no longer in force after the death of the insured, and that a contest may be interposed if the insured died after the incontestability period. (*McCormack* v. *Security Mutual Life Ins. Co.*, 220 N. Y. 447.) We are unable to read that case with the result claimed; nor do we regard it as an authority for either proposition. While the incontestability clause in that case is, in principle, the same as the clause here, it does not appear that those propositions were litigated there. The questions there in contest on the trial, and on the appeal, were those of dividend notice, waiver, and the effective renewal date after the policy lapsed. It seems to have been accepted in that case, without question, that the policy ceased to be in force when the insured died. Both the briefs and the opinion in the Court of Appeals indicate that the questions under consideration here were not present in the minds of the parties or of the court. While the questions now before us might have been comprehended within the language of Judge CARDOZO's opinion, they do not appear to have been contemplated in the decision.

Reliance also is placed by the appellant on the case of *Malnati* v. *Metropolitan Life Ins. Co.* (127 Misc. 674; *sub nom. McKenna* v. *Metropolitan Life Ins. Co.*, 220 App. Div. 53). The form of the incontestability clause in that case was the same as that now before the court. That case reversed the Special Term with reluctance, " in view of the *McCormack* and other New York cases where the incontestable clause paralleled the clause in the instant case." It is evident that the decision in the *McKenna* case was controlled by the view taken of the *McCormack Case (supra)*, the presiding justice dissenting with an opinion. And in like manner the appellant relies upon the *Van Saun* case, decided by the City Court of New York, and in which the incontestability clause was the same as the one here. It is quite evident from the opinion that it was the purpose of the court to follow the decision in the *McKenna Case (supra)* (*Van Saun* v. *Metropolitan Life Ins. Co.*, 135 Misc. 855). The other cases cited by the appellant do not involve the same form of clause as is here under consideration.

When the incontestability clause provides in effect that the policy shall be incontestable " after " a given period from the date of issue, without making use of the words " in force," there are many authorities that the contest by the insurance company must be started within the specified time after the issue date (*Mutual*

*Life Ins. Co.* v. *Hurni Packing Co.*, 263 U. S. 167; *Killian* v. *Metropolitan Life Ins. Co.*, 251 N. Y. 44, 47; *Jensen* v. *Metropolitan Life Ins. Co.*, Id. 336; *Jefferson Standard Life Ins. Co.* v. *McIntyre*, 294 Fed. 886); and that the contest on the part of the company must be begun by action, or by answer when the company is sued (*Killian* v. *Metropolitan Life Ins. Co.*, *supra; Grana* v. *Metropolitan Life Ins. Co.*, 237 App. Div. 54).

Here the appellant seeks the application of a different rule, because it has inserted in the clause the words " in force," and to that extent has followed the language of the amendment. If the company had used all the language suggested by the statute, and had provided that the policy should be incontestable after it had been " in force for two years during the life time of the insured," it would have rendered its policy free from question. But this it did not do. It omitted the words " during the life time of the insured," and thus subjected its policy to two constructions. The policy is the craftmanship of the company, and any ambiguity therein must be construed against the company. (*Killian* v. *Metropolitan Life Ins. Co.*, *supra; Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51, 55.)

The contention that the policy is not in force after the death of the deceased, as it seems to us, cannot be sustained. We believe such a doctrine to be opposed to the fundamental principles upon which a contract rests. When the insured has met the terms of his contract up until the time of his death, only part performance may be claimed. There still remains proof of death to be submitted in behalf of the beneficiaries, and payment to be made by the company. A contract remains in force until it is abandoned, reduced to judgment, or performed according to its terms.

The order striking out the affirmative defense should be affirmed.

All concur.

Order affirmed, with ten dollars costs and disbursements.