MOE TAUB, Plaintiff, *v.* THE TRAVELERS INSURANCE COMPANY, Defendant.*

City Court of New York, Kings County, July 20, 1933.

* Affd., App. Term, 2d Dept., November, 1933, Term.

*Rubenstein & Rosling* [*E. Ivan Rubenstein* of counsel], for the plaintiff.

*William J. Moran* [*Bernard J. McGlinn* of counsel], for the defendant.

RUSSELL, J. Defendant moves to dismiss the complaint under rule 112 of the Rules of Civil Practice for failing to state facts sufficient to constitute a cause of action. The defendant alleges delay in presenting claim as one ground for dismissal. This objection I do not pass upon.

The complaint is based upon a clause in the policy entitled " Permanent Total Disability Benefits," especially that part reading: " Provided that in a case not susceptible of proof of permanency when claim is presented, then after the insured has been wholly disabled by bodily injuries or disease and has been prevented thereby from engaging in any occupation or employment for wage or profit for a period of not less than three consecutive months upon due proof thereof the company will grant the aforesaid benefits from the commencement of such disability and during its continuance." The complaint alleges that from April 10, 1926, and until about August 1, 1928, plaintiff was continuously and wholly disabled and seeks recovery under the quoted language for such disability. Aside from the wording of the policy it appears that as a fact there was no permanent total disability suffered by plaintiff as such term is usually understood and construed; indeed, he makes no such claim. He proceeds upon the theory that the language quoted presents an ambiguity which should be resolved in favor of the insured. (*Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Kocak* v. *Metropolitan Life Ins. Co.*, 237 App. Div. 780.)

No decision involving like wording in a policy is alluded to by either party. The fundamental principles are too well known to be here discussed. The court is in accord with same, but there is a distinction to be observed between an alleged ambiguity due to a mere reading of a part of a policy clause isolated from the entire text of same and an absence of observation and consideration of the subject-matter as a whole.

The clause involved purports to deal with a condition of permanent total disability, not with a temporary condition of such nature. The defendant never assumed nor intented to assume such a liability under the clause involved. While the language employed might be improved to more clearly express the involved intent, yet there will be no ambiguity if by reasonable interpretation and proper construction the wording fairly indicates the intent. The intent of that part of the clause in question was to provide an

indulgence for cases where total permanent disability might not be susceptible of due proof at the time of presenting the claim, but where after a total disability has continued for not less than three months, upon due proof thereof, that is; due proof of a permanent total disability as opposed to a temporary one, the company will then date back the benefits to the commencement of such permanent total disability and continue to pay same during its continuance.

I find no basis for the action in the facts pleaded in the complaint and grant the motion to dismiss same. Inasmuch as such facts cannot be aided by a repleading, no amendment will relieve the plaintiff. Submit order.