183 So. 637

## SOVEREIGN CAMP, W. O. W., v. NALL.

### 3 Div. 240.

Supreme Court of Alabama.
Oct. 6, 1938.

McMillan & Caffey, of Brewton, for appellant.

Hamilton & Jones, of Evergreen, for appellee.

FOSTER, Justice.

This is an action by the beneficiary named in a policy of insurance issued by appellant on the life of Ernest E. Nall, on June 29, 1935. Insured died March 14, 1937, within two years after its issuance. The suit was filed and pleas interposed after the expiration of two years from the date of issue.

The pleas allege that insured was suffering from a cancer of the lip at the time the policy was issued, which was the cause of his death, and that thereby he breached a warranty of sound health, and other warranties set out, and made a false statement to that extent in his application. Various pleas set up the defense along this line.

Plaintiff demurred to those pleas on the ground that they, taken with the allegations of the complaint, show that the policy had been in force more than two years before such defense was filed, and that therefore, under the statute, section 8506, Code, the claim of plaintiff was incontestable at that time on that ground. The court sustained the demurrer.

The primary question here presented is with respect to that ruling. It is controlled by a proper interpretation of section 8506, Code, referring to fraternal insurance, which is as follows: "No fraternal life insurance company, no secret fraternity, or other organization of like kind, which insures its members, or others, shall contest a claim under any insurance contract on the plea of fraud or irregularity in the application after the same has been in force for two years."

In this connection we also call attention to section 8365, Code, applicable to life insurance generally. The distinction here material is that in the latter section the insurance company is prohibited from contesting the claim "after two annual premium payments have been made on policy," whereas in the former section it is incontestable "after the same has been in force for two years."

The question is whether these sections, one or both, mean that the defense must be interposed to be available within two years from the date of issue, though the insured died within that time.

The argument is that the statute is one of limitation on the time when the defense must be interposed, and that if within that time there is no suit in which the defense is pleadable, the insurer must still within that time file suit in equity. American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268; Densby v. Acacia Mutual Life Ass'n, 64 App.D.C. 319, 78 F.2d 203, 101 A.L.R. 869.

There is no reason to assume that the legislature meant by section 8506 to make a different rule for fraternal life insurance from that applicable to other life insurance set out in section 8365. In fact this Court has declared that the effect of section 8506 was to bring fraternal insurance within the same rules as govern regular life insurance contracts under section 8365. Modern Order of Praetorians v. Wilkins, 220 Ala. 382, 125 So. 396. And in that case we also said [page 398] "the purpose of the statute is to fix a limit of time while the assured may be still living within which defenses of the character set up in these pleas must be asserted." That statement was not necessary to a decision of that case because the policy had been in force two full years before the death of insured. It is not therefore decisive of the question, and its soundness is here challenged because it is claimed to be contrary to the great weight of the cases.

But those cases in the main lay stress on the language of the incontestable clause under consideration. In many of them, and especially those which seem to set the precedent, the clause makes the claim incontestable, provided two years have elapsed from the date of issue. Many of them draw a distinction between such language and that used in section 8506,

supra, "after the same has been in force for two years." They say that two years after date of issue has no condition attached to a fixed limit of time, whereas after it has been in force two years means in force as an insurance policy, and that when insured died, it is not such, but merely a fixed obligation to pay money. The following cases draw such distinction: Thomas v. Metropolitan Life Ins. Co., 135 Kan. 381, 10 P.2d 864, 85 A.L.R. 229; Northwestern Mutual Life Ins. Co. v. Laury, 174 Minn. 498, 219 N.W. 759. Many such cases are cited in 85 A.L.R. at page 237. Humpston v. State Mutual Life Assur. Co., 148 Tenn. 439, 256 S.W. 438, 31 A.L.R. 78; Hardy v. Phoenix Mutual Life Ins. Co., 180 N.C. 180, 104 S.E. 166; Jefferson Standard Life Ins. Co. v. Smith, 157 Ark. 499, 248 S.W. 897; Mutual Life Ins. Co. v. Stevens, 157 Minn. 253, 195 N.W. 913; Indianapolis Life Ins. Co. v. Aaron, 158 Minn. 359, 197 N.W. 757, 31 A.L.R. 100; Mutual Life Ins. Co. v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102; McKenna v. Metropolitan Life Ins. Co., 220 App.Div. 53, 220 N.Y.S. 568; Wolpin v. Prudential Ins. Co., 223 App.Div. 339, 228 N.Y.S. 78; Van Saun v. Metropolitan Life Ins. Co., 135 Misc. 855, 239 N.Y.S. 698.

Many cases refuse to recognize any such distinction and hold that the policy remains in force. Notable among those so holding is Jefferson Standard Life Ins. Co. v. McIntyre, 5 Cir., 294 F. 886. See, also, Missouri State Life Ins. Co. v. Cranford, 161 Ark. 602, 257 S.W. 66, 31 A.L.R. 93; 31 A.L.R. 109; 37 Corpus Juris 543; 85 A.L.R. 235; 105 A.L.R. 993. The opinion by Judge Walker, in which Justices Bryan and Grubb concurred to the effect that there was no such valid distinction, relied largely on Mutual Life Ins. Co. v. Hurni Packing Co., supra. In the latter case, the United States Supreme Court did not find it necessary to consider the distinction, though reference was made to it, since it was dealing with a clause of incontestability "after two years from its date of issue." [Page 887.] Judge Walker and associates were dealing with an incontestable clause written in the policy by the insurer, similar to our section 8506, Code, but not affected by it, since he was declaring Florida law. But it would be an authority applicable to this case if that section were not affected by section 8365, Code, in the matter of its interpretation.

This question was not passed upon in our case of Moore v. Bankers' Credit Life Ins. Co., 223 Ala. 373, 136 So. 798. There the Court was dealing with two features of a policy: (1) A suicide clause and (2) an incontestable clause "after two years from the issue date of this policy." We held that the suicide clause was controlling, since he killed himself within two years, and not the incontestable clause requiring the defense to be made within two years after date of issue. This Court did not undertake to construe the incontestable clause, which was however different in language from section 8506, Code. That case is no authority here, and we have none except the statement we have quoted from Modern Order of Praetorians v. Wilkins, supra. While that statement may not have been necessary to a decision there, we think it correctly interpreted section 8506, Code, especially when taken in connection with section 8365, Code. We think that section 8506, properly interpreted, means that it has no operation when the death of insured occurred within two years after the issuance of the policy.

Some of the cases here cited construe policy provisions and refer to the strict rule against the insurer. Others relate to statutes. In construing our statutes, we think their language is here fairly and properly interpreted.

The result is that, in our opinion, the demurrer to the pleas should not have been sustained on the ground that the defense was barred by section 8506, Code.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.