## BARNETT v. NEW ENGLAND MUT. LIFE INS. CO.

### No. 10060.

Circuit Court of Appeals, Fifth Circuit.

Nov. 27, 1941.

Hugh M. Caffey, of Brewton, Ala., for appellant.

Gessner T. McCorvey and R. F. Adams, both of Mobile, Ala., for appellee.

Before HUTCHESON and McCORD, Circuit Judges, and MIZE, District Judge.

McCORD, Circuit Judge.

The New England Mutual Life Insurance Company issued two $5,000 policies of life insurance to David A. Barnett. The policies were issued in February and June of 1938, and on December 12, 1938, Barnett died. After the death of the insured the company notified the beneficiary, Mrs. Mary Hawkins Barnett, that it had decided to rescind the two policies. The company tendered a refund of the premiums paid, but Mrs. Barnett refused to accept the tender, and further refused to agree to cancellation of the contracts.

On January 16, 1939, the company filed its complaint in the District Court seeking cancellation of the two policies. The complaint averred that Barnett had made false and fraudulent representations in his applications for insurance; that both policies were by their terms incontestable after they had been "in force" for a period of two years; that the beneficiary had not filed suit on the policies; and that unless it could obtain the relief prayed for it was "liable to, on account of the incontestable clause contained in said policies, lose its opportunity to make its defense thereto and thereby suffer irreparable damages."

By amendments to the complaint the company further averred: That even though it might not lose its opportunity to make its defense on account of the incontestable clauses it was, nevertheless, entitled to maintain its action for cancellation of the contracts which it claimed "were procured by fraud"; that pending settlement of the claims on the policies it was required to set aside and maintain a reserve fund; and that any delay in determining its liability was dangerous because witnesses might disappear, become physically incapacitated, or be otherwise unavailable.

In September, 1939, Mrs. Barnett filed suits in the state court. The suits were removed to the United States District Court where, on motion of the company, the proceedings were stayed pending disposition of the company's suit for cancellation. Mrs. Barnett filed answer to the cancellation suit, and was permitted, after dismissal of her suits on the policies, to file counterclaims for recovery of the face amounts of the policies plus additional amounts under their double indemnity provisions. The cause was then tried to a jury. At the close of the evidence the court dismissed the jury, treated the case as one of equitable cognizance, made findings of fact and conclusions of law upholding the contentions of the plaintiff insurance company, and entered a decree can-

celling the policies and dismissing the counterclaims. Mrs. Barnett has appealed. The findings and conclusions of the trial court are reported, New England Mutual Life Insurance Company v. Barnett, D.C., 39 F.Supp. 761.

Both appellant and appellee have discussed in detail the conflicts and tendencies of the evidence bearing upon the representations of the insured, and whether or not these representations, if false and fraudulent, went to the extent of increasing the risk of loss under the policies. Cf. General Accident, Fire & Life Assur. Co. v. Jordan, 230 Ala. 407, 161 So. 240; § 8364 Ala.Code of 1923, Ala.Code of 1940, Tit. 28, § 6. Under our view of the case it is unnecessary to pass upon the weight or tendencies of the evidence, for we are clear that the trial court erred in withdrawing the case from the jury and treating it as an action of a purely equitable nature.

There are cases holding that within the meaning of incontestable provisions in life insurance policies the contract remains "in force" even after the death of the insured. In Jefferson Standard Life Insurance Company v. McIntyre, 5 Cir., 294 F. 886, 888, this court, in construing a one-year incontestable provision in the light of Florida law, held that although the insured died within a year after issuance of life insurance policies they continued "in force" after his death; and that a suit for cancellation of the policies could be maintained in equity, the insurer having no plain, adequate, and complete remedy at law since the policies would have become incontestable "upon the expiration of one full year from the date thereof without a contest being instituted." In construing a similar provision providing for incontestability after a policy has been "in force for two years", the Supreme Court of Alabama reviewed the authorities and expressly refused to follow the holding in the McIntyre case, and held that the incontestable provision, properly interpreted, "means that it has no operation when the death of insured occurred within two years after the issuance of the policy." Sovereign Camp, W. O. W., v. Nall, 236 Ala. 474, 183 So. 637, 638. This case is controlled by the law of Alabama. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290; Rosenthal v. New York Life Ins. Co., 304 U.S. 263, 58 S.Ct. 874, 82 L.Ed. 1330; Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462. Barnett, having died before the two policies had been in force for two years, under Alabama law the incontestable provisions would not cause the insurer to lose its opportunity to interpose its alleged defenses to any suit filed on the policies.

The record does not sustain the averment that the setting aside of a reserve fund pending settlement of the claims constituted an irreparable injury to the appellee. The further contention that delay in settlement of the claims might result in irreparable injury through loss or absence of witnesses is without merit in view of adequate facilities for the perpetuation of testimony. National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656.

Suits on the policies were timely filed, the claims on the policies were fully presented in the counterclaims of the beneficiary, and the alleged fraud of the insured was and is available to the insurance company as a defense to any action on the policies. Under the circumstances shown there was no occasion for the granting of equitable relief. Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 570, 59 S. Ct. 657, 83 L.Ed. 987; National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656; Pacific Mutual Life Ins. Co. v. Strange, 223 Ala. 226, 135 So. 477.

The court erred in dismissing the jury and treating the case as an action of equitable cognizance. The judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.