F. S. ROYSTER GUANO COMPANY, Respondent, *v.* GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Appellant.

First Department, May 24, 1929.

*Robert Kelly Prentice* of counsel [*Prentice & Townsend*, attorneys], for the appellant.

*Robert S. Erskine* of counsel [*Henry P. Elliott* with him on the brief; *Kirlin, Woolsey, Campbell, Hickox & Keating*, attorneys], for the respondent.

McAvoy, J. Plaintiff recovered a judgment on a marine insurance policy which covered shipments of phosphate rock loaded on certain canal barges. The policy contained a clause which warranted that all trips on the Great Lakes were to be approved by a named person " as to tugs, barges, number of barges in tow, weather, etc." There was an amendment to this clause thereafter which provided that the " trips on Great Lakes " were " to be approved " by this same person.

There was oral testimony, allowed at the trial, to show that the amendment was inserted so that approval of equipment at the beginning of the season would be sufficient for the purposes of the condition of the policy and its rider, and that particular trips were not required to be approved. While there was an ambiguity here arising out of the difference in words used in the original and the subsequent rider, and, assuming that the evidence established that particular trips of the barges were not required to have the approval of the surveyor, the proof lacks any direct evidence that the named surveyor actually approved the barges which carried the material lost, and for which indemnity is sought in this action.

While the surveyor is shown to have inspected four barges and a tug of the equipment that was to be used that year, the identity of the inspected barges and those which carried the cargo which was lost and is alleged to have been covered by the terms of the policy is not established. The witness by whom it was attempted to show approval merely indicated in his testimony that the four boats which were the carriers of the cargo which is the subject of this action, were first-class boats, but he did not testify, nor did any one else, that they had been approved at any time, either at the beginning of the season or for the particular trip, by the named surveyor, Weisbeck.

There was, therefore, a failure of proof of a condition precedent to liability on the part of the defendant company under its contract of insurance, and the complaint should have been dismissed for this failure.

The judgment should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

Dowling, P. J., Merrell, Finch and Proskauer, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.